EVANS
v.
THE STATE.

------------------

## EVANS *v.* THE STATE.

When the jury have been permitted to separate on the trial of a criminal cause,
it will be presumed, unless the record discloses the contrary, that they were
admonished by the Court as required by s. 112, p. 376, 2 R. S. 1852.

The separation of the jury, during the progress of a criminal trial, and before
the cause is finally submitted to them, is expressly allowed by statute; and
they are not kept, during the separation, in the charge of a sworn officer.

Indictment for murder. The verdict found the defendant guilty of man-
slaughter, without adding the words "as charged in the indictment." *Held*,
that there was nothing in the objection.

APPEAL from the *Dearborn* Circuit Court.

Friday,
December 14.

GOOKINS, J.—On the 13th day of *November*, 1854, the
appellant was arraigned and put upon trial in the *Dear-
born* Circuit Court, on an indictment for the murder of
*William Wells*. After the impanneling of the jury, the
record states, that the evidence not being closed, they were
adjourned until half past eight o'clock of the following
morning. At the appointed time, the parties and jury
came and proceeded with the trial; but not having con-
cluded it, the jury were again adjourned until the follow-
ing morning, when they came as before, and the trial

being concluded, and the jury having heard the charge of the Court, retired in care of a sworn bailiff, and on the following day returned for their verdict, "We the jury find the defendant guilty of manslaughter, and that he be imprisoned in the state prison for the term of eleven years, at hard labor." Motions for a new trial and in arrest of judgment were successively overruled, and judgment was pronounced upon the verdict.

It is assigned for error that it does not appear that at the time of the adjournments, the jury were admonished in reference to their duties, according to the statute, nor that they were kept in care of a sworn officer.

The statute in relation to state trials contains the following section. "When the jurors are permitted to separate, after being impanneled, and at each adjournment, they must be admonished by the Court that it is their duty not to converse among themselves, nor to suffer others to converse with them, on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them." 2 R. S. 1852, p. 376, s. 112.

We are asked to presume, the record being silent upon the subject, that the Court below omitted the very important duty of admonishing the jury, upon their separation, as required in the section above quoted. This we can not do. The presumption is that the Circuit Court acted correctly. The defendant was attended by counsel, who would have doubtless seen to it that his rights were properly guarded, or would have tendered a bill of exceptions, if it had not been done. Our knowledge of the practice in that Court leads us to believe that the duty is never omitted, without reference to the requirements of the statute. The separation of the jury is expressly permitted, during the trial and before the cause is finally submitted to them, by this statute, and, of course, they could not be kept in care of a sworn officer. The case of *Jones* v. *The State*, 2 Blackf. 475, can not be regarded as authority.

It is insisted that the judgment should have been arrested, for a defect in the verdict, which finds the defendant

guilty of manslaughter, without adding the words, as charged in the indictment. There is nothing in this objection. *Moon* v. *The State*, 3 Ind. R. 438.

*Per Curiam.*—The judgment is affirmed with costs.

*J. T. Brown*, for the appellant.