CUNNINGHAM *v.* THE STATE, on the Relation of WILSON.

BASTARDY.—*Verdict.*—The verdict of a jury in a bastardy proceeding is sufficient, if it finds that the relator was delivered of a bastard child, and that the defendant is the father.

SAME.—*Jurisdiction.*—*Practice.*—A justice of the peace possesses a discretionary power to recognize a defendant in a bastardy proceeding to either the circuit court or court of common pleas, and the exercise by the justice of such discretion, and the filing of the transcript and original papers in the clerk's office, confer upon, and complete the jurisdiction in whichever of said courts to which the defendant may be recognized; and where a defendant is recognized to appear in the common pleas court, and the clerk, by mistake, dockets the cause in the circuit court, this will not confer upon the latter court any jurisdiction, and the proper motion is to strike the cause from the docket of the circuit court.

SAME.—*Court of Common Pleas.*—*Jurisdiction.*—The act of March 4th, 1853,

(2 G. & H. 626) confers upon the court of common pleas concurrent juris-- diction with the circuit court in all complaints for bastardy.

APPEAL from the Clinton Common Pleas.

BUSKIRK, J.—This was a proceeding in bastardy, commenced on the 21st day of June, 1869, before a justice of the peace of Clinton county, against the appellant, who was arrested and appeared before the justice. The justice, upon the preliminary examination, found that the appellant was the father of the bastard child named in the complaint, and recognized him to appear at the next term of the Clinton Common Pleas Court, to answer such charge.

The justice, on the first day of July, 1869, filed the transcript and papers in the clerk's office of said county. The clerk marked the same as filed in the circuit court, and entered the same upon the docket of the October term, 1869, of said circuit court; at which term the appellant appeared and moved the court to dismiss this cause for the want of jurisdiction. The court refused to dismiss the cause, but ordered the same to be transferred to the common pleas court of said county, to which court the appellant had been recognized; and that the clerk should mark the same filed in said court, and enter the same upon the docket of said court, to which the appellant excepted, and presents such exception by a bill of exceptions, signed by the circuit judge. At the October term, 1869, of the Clinton Common Pleas Court, this cause was upon the docket of said court. The appellant entered a special appearance, and moved the court to dismiss the cause—for what reason the record does not show—which motion was overruled, and an exception was taken. The cause being at issue, was submitted to a jury for trial, resulting in the following verdict:

"We, the jury, find that Ida A. Wilson was delivered of a bastard child, and that the defendant is the father.

JAMES J. MILLER, Foreman."

The appellant then moved the court in arrest of judgment. The motion was overruled, and an exception was taken. The court thereupon rendered judgment upon the

verdict. The objection urged to the verdict is, that it does not state that the bastard child is the one mentioned in the complaint. We think the verdict is sufficient. This court has decided that the verdict of a jury which found that the defendant was guilty of grand larceny, without saying "as charged in the indictment," was sufficient. *Moon* v. *The State*, 3 Ind. 438; *Evans* v. *The State*, 7 Ind. 271. The appellant has assigned the following errors:

1. The circuit court erred in overruling the motion of defendant to dismiss the cause, and ordering the same to be placed on the files of the common pleas court.

2. The common pleas court erred in overruling the motion of defendant to dismiss the cause.

3. The court of common pleas erred in overruling the motion in arrest of judgment.

4. The common pleas court erred in rendering a judgment against defendant which was not warranted by the record.

There is nothing in the first assignment of error. The cause never was properly in the circuit court. That court acquired no jurisdiction over the subject-matter or the parties. The proper motion was not to dismiss, but to strike the same from the docket. Perhaps the circuit court did not possess the power to order the case to be transferred to the common pleas court; but this is an appeal from the common pleas court, and not from the circuit court, and we cannot review the ruling of the circuit court.

There is nothing in the second assignment of error. We infer from the argument of counsel that the motion made in the common pleas court to dismiss was based upon the fact that it had been transferred from the circuit court. The order of the circuit court did not confer any jurisdiction upon the common pleas court. The act of March 4th, 1853, conferred on the courts of common pleas concurrent jurisdiction with the circuit court in proceedings in bastardy. The proceeding must be commenced before a justice of the peace, who possesses the discretionary power to recognize a

defendant to either court, and the election of the justice confers jurisdiction on whichever court he may recognize the defendant to. When the transcript and original papers were filed in the clerk's office, the jurisdiction became complete. Surely it cannot be successfully maintained that the mistake of the clerk, in marking the papers filed and docketing the cause in the wrong court, could defeat the jurisdiction of the court of common pleas. While the order of the circuit court did not confer any jurisdiction upon the common pleas court, it could not defeat the jurisdiction. The law required the clerk to do just what the circuit court ordered him to do.

The motion in arrest of judgment presents for our decision the question of whether, by the laws of this State, the courts of common pleas have jurisdiction of proceedings in bastardy. It is maintained by the appellant that the circuit courts have exclusive jurisdiction. Section 4, 2 G. & H. 625, of "an act regulating prosecutions in cases of bastardy, and providing for the support of illegitimate children," required justices of the peace to recognize defendants to the circuit courts. Under that act the circuit courts possessed exclusive jurisdiction in such prosecutions. The act of March 4th, 1853, in express terms, confers upon courts of common pleas concurrent jurisdiction with the circuit courts in all complaints for bastardy and surety of the peace.

The courts of this State possess just such jurisdiction as may be conferred upon them by the legislature. We have examined, with care, the argument of the learned counsel for appellant, but we have been unable to discover any valid reason against the validity of the act of March 4th, 1853, conferring upon courts of common pleas concurrent jurisdiction with circuit courts in prosecutions for bastardy. The common pleas courts have assumed and exercised such jurisdiction since the passage of said act, and we know of no valid or constitutional reason why they should not continue to do so.

The fourth assignment of error was intended to raise a

question as to the validity of the verdict of the jury and the judgment of the court 'rendered thereon, but we do not think that any question is raised by that motion. There was no motion made to set aside or make more perfect the verdict; there was no motion for a new trial; there was no motion to correct or set aside the judgment. Such a question cannot be raised, for the first time, in this court.

The judgment is affirmed, with costs, and five per cent. damages.

*J. N. Sims*, for appellant.