## THE BOARD OF COMMISSIONERS OF HENRY COUNTY *v.* SLATTER ET UX.

CONTRACT.—*County Commissioners.—Pleading.—Judgment.—Presumption.— Husband and Wife.—Parties.*—A., being the owner of certain land, on which there was a mortgage, executed a warranty deed of conveyance thereof to B. Afterwards, the mortgage was foreclosed, and, upon the sale under the decree, the land was bid off by the county commissioners for the amount of the judgment, the land being worth a much larger sum. It being claimed by A. and denied by B. that said deed of A. to B. was intended as a mortgage, or a deed of trust, it was agreed by and between A., B. and the county commissioners, at a regular meeting of the board of commissioners, after the expiration of the year for the redemption of the land from the sheriff's sale, the agreement being entered of record, that said county commissioners would pay to either A. or B., whichever should establish title to said land by an action in a court of law or equity, a certain sum, deducting therefrom the amount of the bid of the commissioners at said sale under the decree of foreclosure; that A. and B. should make deeds of conveyance of said land to the county; and that A. (who was a married woman) and her husband should deliver possession to said commissioners; and thereupon said deeds' were executed, and possession was given to the commissioners, who received the sheriff's deed for the land. Afterwards, an action for possession was brought by B. against A. and her husband, which resulted in a judgment of the circuit court in favor of the defendants, who notified said commissioners of said result, and that A. was the proper person to whom to pay said balance. Suit by A. and her husband against said commissioners to recover said balance.

*Held,* that said judgment of the circuit court, which must be presumed to be in force, in the absence of any showing that it had been set aside or reversed, settled the title to the land, and entitled A. to the payment to her of said balance by the commissioners, according to the terms of said agreement.

*Held,* also, that it was not necessary to show in said complaint that the land was purchased by the commissioners for any of the purposes for which they were authorized to purchase land, a fact which must be presumed, in the absence of a contrary showing, and one which could not be inquired into except by the State.

*Held,* also, that the execution of the deed of conveyance by A. and her husband to the commissioners and the delivery of possession thereunder constituted a sufficient consideration for the agreement to pay said balance to A., which agreement was not affected by the fact that the year for redemption had expired.

*Held,* also, that it was not necessary to show in said complaint that there

was an order of the board of commissioners authorizing said purchase at sheriff's sale by the commissioners.

*Held*, also, that said action against the commissioners was properly brought in the name of the husband and wife.

BILL OF EXCEPTIONS.—*Evidence.*—A bill of exceptions, when signed by the judge, did not contain the evidence, but stated that "upon the trial of the cause the following evidence was given, 'to wit: (here insert), which was all the evidence given upon the trial of said cause."

*Held*, that the clerk, in making out a transcript of the record, had no right to insert in such bill what he supposed to be the evidence given in the cause.

PRACTICE.— *Evidence.* —*Judicial Discretion.*—It is discretionary with the court to permit the plaintiff to introduce proper evidence, over defendant's objection, after the close of the evidence and the argument in the cause, except the plaintiff's closing argument; and it will be presumed that evidence so introduced was competent, in the absence of a contrary showing.

From the Henry Circuit Court.

*T. B. Redding* and *W. & A. M. Grose*, for appellant.

*J. T. Elliott, W. H. Elliott, J. Brown, J. M. Brown, M. E. Forkner* and *E. H. Bundy*, for appellees.

WORDEN, J.—Complaint, in two paragraphs, by the appellees against the appellant.

Demurrer to each paragraph overruled, and exception. Issue, trial by the court, finding and judgment for the plaintiffs.

Error is assigned upon the ruling on the demurrers to the complaint.

We take the following statement of the complaint from the brief of counsel for the appellant:

"The first paragraph of the complaint in the circuit court alleges that Eliza Slatter, on the 29th day of March, 1870, was owner in fee of fifty acres off of a half quarter in section 4, and a half quarter in section 10, in township 17, range 10, making one hundred and thirty acres of land, in said county, and in possession of the same; that, prior to that time, a mortgage had been foreclosed upon the same, at the suit of James Calvert against the plaintiffs, Eliza Slatter and her husband, Charles Slatter, for two thousand two hundred and

fifty-five dollars, and the premises had been sold and bid off
by the county commissioners for that sum, by virtue of a
decretal order upon the judgment of foreclosure; that the
land was worth six thousand dollars in cash; that, prior to
such foreclosure, said Eliza had executed a deed to John W.
Rhodes, absolute on its face, but said deed was only intended
as a mortgage, or deed of trust, to secure said Rhodes in
whatever loans he should make to said Eliza; that the same
should be held as a mortgage, to secure Rhodes in such
advances as he should make to said Eliza, as he had agreed
to do, which advances were to be for the purpose of paying
off said mortgage and other liens on said land; that Rhodes
set up claim to the land as absolute, and refused to furnish
the money to redeem, or for any other purpose, and denied
the contract as to the deed being intended as a mortgage,
and claimed title to the land under the deed; that Eliza
gave notice to the defendant below of her version of the
deed transaction with Rhodes, and his refusal to comply, as
she claimed he should, and that said Rhodes had no right
to redeem said land for himself, and that she, Eliza, was the
true owner; that Rhodes gave a like notice to the defendant
below, that he was owner and had a right to redeem, and
that Eliza had no such right; that, on the 29th day of
March, 1870, the Slatters, Rhodes, and the county commis-
sioners, at a regular session of the county board, entered into
a mutual agreement, between and among themselves,
whereby the commissioners agreed to pay said Eliza, or said
Rhodes, 'whichever should establish his or her title to said
land by an action at law in a court of law or equity,' the
sum of six thousand dollars, deducting said bid, interest
thereon, and liens on said land, and the residue to be paid,
as aforesaid, in consideration that said Eliza and Rhodes
would make deeds of conveyance to the county, and Eliza
and her husband deliver possession of the premises to the
commissioners.    It is averred that this agreement thus made
was entered of record, and what is claimed as a copy is made
exhibit 'A' in the complaint; that, pursuant to this agree-

ment, the deeds were made and the possession of the land delivered, and that the county is now in possession thereof.

"The complaint then alleges that Rhodes brought his action of ejectment against the Slatters, on the —— day of March, 1870, to recover the real estate described in the deed referred to in the agreement and order of the board of commissioners, it being the real estate conveyed to the commissioners, together with other real estate; that such proceedings were had that resulted in a finding and judgment for the Slatters; that said Rhodes paid costs, had a new trial, a change of venue to the Madison Circuit Court, and a like finding and judgment as before, on the —— day of ——, 1874, of which result the plaintiffs aver they gave notice to the county commissioners, and notified them that Eliza was the proper person to pay the balance of the purchase-money to, after deducting the said bid, interest and liens to be allowed to the county commissioners, and the amount thus due was three thousand dollars, for which they demand judgment with interest.

"The second paragraph of complaint is the common count for land sold and conveyed, without showing an order of the county board authorizing the same.

"Exhibit 'A' of the complaint, which is a copy of the order of the county board, recites the mortgage, foreclosure, and purchase at sheriff's sale of the land, the fifty acres and half quarter described in the complaint, by the commissioners, on the 27th day of March, 1869; that on the 29th day of March, 1870, the land so bid off by the county commissioners, not then having been redeemed, was conveyed by the sheriff to the county commissioners. It also recites the making, on the 1st day of February, 1869, of the deed by the Slatters to Rhodes, for the land; that it was a warranty deed, and that Eliza then claimed that it was a deed of trust; and it is therein stated that the commissioners were willing to pay six thousand dollars for the land; and, after deducting the amount bid at sheriff's sale, some interest and whatever liens were upon the land, the balance or surplus to

make up the six thousand dollars they were willing to pay to the person or persons entitled thereto, and in their order say, 'that on condition said Slatter succeeds in a court of law or equity in showing that she is entitled to said surplus, and obtains a judgment and decree therefor as against said Rhodes,' and that possession to the land be given, then the surplus is to be paid by the county to said Eliza Slatter. It is also ordered, that should said Rhodes establish his right to such surplus, then the same is to be paid to him.

" Then comes the bond of Rhodes and Yandes, by which it appears that the surplus was actually paid to Rhodes, and the bond given to refund, in case the title should prove defective or invalid.

" In the deed of the Slatters to the county, on the same 29th of March, 1870, which is exhibit ' B ' of complaint, the condition on which this balance or surplus is to be paid to Eliza Slatter is stated thus:

" ' And in consideration of this deed, the board of commissioners are to pay to said Eliza Slatter six thousand dollars, less all liens, mortgages, taxes, assessments and encumbrances, supposed to amount to four thousand two hundred and eighty-two dollars and ninety-seven cents, upon her obtaining a decree and judgment therefor, as against one. John W. Rhodes, who claims said land.   *   *   *   No money to be paid to said Eliza Slatter until she establishes her right thereto by law.'

" The deed of Rhodes to the county, also referred to in complaint, made on the 29th of March, 1870, is simply a quitclaim deed for the same land bid off at the sheriff's sale by the commissioners."

It is objected that the first paragraph of the complaint is bad, because it does not show that the land, the title to which was settled by the judgment of the Madison Circuit Court, was the same land as that purchased by, and conveyed by the appellees to, the board of commissioners. We think, however, that the allegations of the paragraph show the identity of the land. The allegation is, that Rhodes brought his

action against the Slatters, "to recover the real estate described in the deed referred to in the agreement and order of the board of commissioners, being the real estate conveyed to the commissioners," etc.   This is clearly sufficient to show the identity.   The judgment of the Madison Circuit Court, which will be presumed to be in force, in the absence of any showing that it has been set aside or reversed, settled the title to the land, and entitled the appellee Eliza to the money, according to the terms of the agreement.

It is also objected to both paragraphs of the complaint, that it does not appear that the land was purchased by the commissioners for any of the purposes for which they are authorized to purchase land, and, therefore, that the contract should be held to be void.   We think it may be presumed, in the absence of any showing to the contrary, that the land was purchased by the commissioners for some of the purposes for which they were authorized to purchase and hold land.   Moreover, this is a question that does not concern the vendor, and can only be inquired into by the State. *Hayward* v. *Davidson*, 41 Ind. 212.

It is further urged, that when the contract was made, the time for redemption had expired, and the commissioners were entitled to the land by virtue of the sheriff's sale and deed, and, therefore, that the agreement of the commissioners was without consideration and void.   We are of the opinion, however, that the execution of the deed by Eliza and her husband to the commissioners for the land, and the delivery of the possession of the premises, without litigation or contest in respect to the validity of the sheriff's sale, constituted a sufficient consideration for the agreement of the board of commissioners.

It is urged that there is yet another reason why the demurrers should have been sustained, viz., that it is not shown there was any order of the board authorizing the purchase of the land at sheriff's sale.   This objection is entitled to no particular consideration.   The plaintiff's right to recover does not depend upon the validity of the purchase by the

commissioners at the sheriff's sale, but is based upon the agreement of the commissioners to pay as stipulated, in consideration of the conveyance by the plaintiffs to the board, and the surrender of the possession of the land.

We have thus noticed all the objections urged to the complaint, and are of opinion that they are not well taken.

There was a motion for a new trial, assigning several reasons, which need not be here stated, inasmuch as the evidence is not in the record. It is shown by the record, in response to a writ of *certiorari*, that the bill of exceptions, when signed by the judge, was an utter blank, so far as the evidence is concerned. It states that, "upon the trial of the cause, the following evidence was given, to wit: (here insert), which was all the evidence given upon the trial of said cause," etc. The clerk, in making out a transcript, had no right to insert in such bill of exceptions what he supposed was the evidence given in the cause. *Kesler* v. *Myers*, 41 Ind. 543; *Goodwine* v. *Crane*, 41 Ind. 335; *Blessing* v. *Blair,* 45 Ind. 546.

In addition to other questions arising upon the evidence, it is insisted that a transcript of the judgment of the Madison Circuit Court was given in evidence, without having been duly authenticated.

As we cannot regard any portion of the evidence as being in the record, the transcript thus said to have been given in evidence is not before us, and we cannot pass upon the question thus sought to be raised.

The bill of exceptions shows, that, after the close of the evidence and the argument in the cause, except the closing argument for the plaintiffs, "the court allowed the plaintiff to introduce the witness James Brown, who testified as set out in the evidence, as aforesaid." This evidence was objected to, in respect both to the time at which it was offered and the character of the evidence. We think it was discretionary with the court to permit the evidence to be given at the time it was offered, and the evidence, not being

in the record, we cannot determine whether in itself it was objectionable or otherwise, but must presume in favor of the action of the court. The action was well brought in the name of the husband and wife. 2 G. & H. 41, sec. 8.

We have thus examined all the questions raised which are legitimately presented by the record, and find no error in the judgment.

The judgment below is affirmed, with costs and five per cent. damages.