## WAYBRIGHT v. THE STATE.

CRIMINAL LAW.—*New Trial.—Motion.—Practice.*—Assigning the admission of evidence reported by a person named, "under the order and direction of the court, to wit (here insert)," as cause in a motion for a new trial, is insufficient.

SAME.—*Manslaughter.—Instruction to Jury.*—On the trial of a defendant for manslaughter, an instruction to the jury, in relation to the evidence of the means by which the deceased came to his death, should not assume that the immediate cause, producing death, was the result of an act of the defendant, but should clearly and logically connect such immediate cause with some "unlawful" act of the defendant.

SAME.—*Defence of Relative.*—Persons connected by the relation of family, guardian and ward, or master and servant, may defend each other against an assailant, even to the necessary taking of life.

SAME.—*Self-Defence.*—On the trial of such cause, an instruction to the jury, denying all right of justification by the defendant, even that of self-defence, is erroneous.

SAME.—*Flight.—Concealment.*—The flight or concealment of the defendant in such cause is not conclusive evidence of his guilt.

SAME.—*Joint Assault.*—On the trial of such cause, it was error in the court to refuse to instruct the jury, that, if the defendant and another had

simultaneously assaulted the deceased, but without a mutual understanding that they would injure him, and the other, without the knowledge or contribution of the defendant, had caused the death of the deceased, the defendant was not guilty.

From the Franklin Circuit Court.

*B. F. Davis, F. S. Swift, S. S. Harrell* and *W. H. Bracken,* for appellant.

*S. E. Urmston,* Prosecuting Attorney, for the State.

BIDDLE, J.—Indictment in two counts, against the appellant, for manslaughter, committed in killing Michael Francis. Motion to quash each count overruled. Exceptions. Plea, not guilty. Trial by jury. Verdict, guilty. Motion for a new trial; causes filed; motion overruled; exceptions. Judgment on the verdict, and appeal.

The two counts of the indictment in this case are similar to the first and second counts against Sylvester Willey and Sarah Wheaton, in the case of *Willey* v. *The State,* 46 Ind. 363,—indeed, quite literally the same, except as to names and means of killing—and, according to that case, must be held good.

The causes assigned for a new trial were as follows:

1. The verdict is contrary to law.
2. The verdict is contrary to evidence.
3. The verdict is not sustained by evidence.

The cause numbered 4 relates to the admission of evidence "as taken down by Thomas H. Smith, under the order and direction of the court, to wit [here insert]." But the evidence is not inserted in the cause, or in any way made specific. To refer in this manner to evidence in a bill of exceptions or other paper, without distinguishing it from other evidence in the same bill of exceptions or paper, is insufficient, as we have often decided. *Musselman* v. *Musselman,* 44 Ind. 106; *Sherlock* v. *Alling,* 44 Ind. 184; *Meyer* v. *Bohlfing,* 44 Ind. 238; *Murphy* v. *Wilson,* 46 Ind. 537; *The Board of Commissioners, etc.,* v. *Slatter,* 52 Ind. 171.

Cause 5 relates to the rejection of evidence, and is defective, for the reasons shown in the examination of number 4.

Causes 6, 7, 8, 9, 10, 11, 12, 13 and 14 need not be particularly stated, for reasons which will appear.

15. Giving certain instructions to the jury, properly numbered.

16. Refusing certain instructions, specifically stated.

The assignments of error raise the questions involved.

Amongst the instructions given to the jury by the court, and excepted to by the appellant, are the following:

" 5. If a person should strike another with an unweaponed hand, in a rude, insolent and angry manner, and the person so struck falls to the ground, and, by reason of the fall so caused, death results, by reason of his head or person coming in contact with hard substances, then the person so striking would be guilty of manslaughter, if the blow was given without malice, express or implied, or on a sudden heat, and not in defence of his person, property, or his nearest and dearest relations, his family.

" 6. If two persons strike another at the same time, one of which administered the blow with a deadly weapon, and the other with his hand unarmed, and death resulted from the blows so inflicted, then, if the death was occasioned by the parties so striking upon a sudden heat, or involuntarily, but in the commission of some unlawful act, then both parties would be guilty of manslaughter; and the jury should find the defendant guilty in this case, if the evidence convince the jury beyond a reasonable doubt, that the defendant at the bar contributed, by blows administered at the time, to the death of the deceased."

The fifth instruction, as above given, is too loosely and vaguely stated to be safe law. It should have stated that " If a person unlawfully strike," etc., and should clearly show that the blow caused the fall. There is nothing in the instruction preceding the words " so caused," to which

they can refer, except the implied supposition that the blow caused the fall. It simply states the blow and the fall, then silently assumes that the blow caused the fall. The language is not clear and plain, and seems to us very liable to mislead a jury. Besides, there are other relations besides "the nearest and dearest relations, his family,"—as master and servant, guardian and ward,—which the appellant might defend; but this part of the instruction—there being no evidence before the jury to which it was applicable—might not vitiate it, yet it would be better not to give it in those words.

The sixth instruction, as given above, is wholly bad. The appellant might have committed every supposed act stated in it, and yet not be guilty of any crime. It not only ignores, but denies, all right of justification, as self-defence. The blows, to be criminal, must be unlawful, and the contribution to the death must be unjustifiable, to be criminal. For aught that appears in the instruction—and there is evidence in the case to which it is applicable —the appellant might have been justified in every thing he did, and yet be found guilty. The instruction is clearly erroneous.

The appellant asked the court to give to the jury the following instructions, all of which were refused, and the proper exceptions reserved:

"4. Before the jury would, in this case, be warranted in finding the defendant guilty, the State must prove beyond a reasonable doubt, that the defendant struck the deceased, Michael Francis, with some instrument which caused his death, or contributed thereto, and if this is not so proven beyond a reasonable doubt, you should find the defendant not guilty.

"6. The fact that the defendant fled or concealed himself, soon after the death of the deceased, are [is] not of themselves [itself] conclusive evidence of the defendant's guilt, but only a circumstance to be taken into consideration by the jury, in connection with all other

circumstances with [in] this case, as detailed to you by the witnesses, and the facts and circumstances connected therewith; and the weight the jury should give it depends upon the circumstances detailed to you by the witnesses, either for the state or defence; the pressure brought to bear upon the defendant by others, in inducing him to go away, and all other circumstances detailed to you in this case.

"11. If you believe from the evidence, that William Vawter struck the fatal blow, and that the defendant, at the time the blow was struck, did not know that Vawter intended to strike the deceased, and that there was no understanding between Vawter and the defendant, that they would inflict upon the deceased any unlawful act, and that the defendant did not contribute to the death of the deceased, you will find the defendant not guilty.

"12. If you believe from the evidence, that Vawter struck the fatal blow, before you can convict the defendant, you must believe, beyond a reasonable doubt, that the defendant and Vawter had a mutual understanding that they would inflict upon the deceased some unlawful act or bodily harm."

There was evidence before the jury to which these instructions were applicable, and they were not, and some of them not in any part, substantially given in any other instructions to the jury; we think, therefore, that the refusal of each of them was erroneous. The State has not furnished us with any brief, and we know of no ground upon which the refusal of these instructions can be sustained.

There were other instructions given in this case which we do not approve of, and others refused which we think ought to have been given, but which we can not notice in detail, without extending this opinion to an impracticable length. We mention this, that in a subsequent trial, if necessary, they may be carefully reconsidered by the court, and so prepared as to clearly express the law of the case.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings, with the proper order to return the prisoner.