ROLLINS v. THE STATE.

CRIMINAL LAW.—*Assault and Battery with Intent.—Verdict.*—On the trial of an indictment for an alleged assault and battery upon a person named, with intent to murder him, by shooting him with a gun loaded with powder and shot, a verdict finding "the defendant guilty of assault and battery" is sufficient without the addition thereto of the phrase "as charged in the indictment."

SAME.—*Harmless Instruction.*— Where, on the trial of such indictment, the defendant is found guilty of assault and battery only, error in an instruction to the jury in relation to the intent charged is harmless.

SAME.—*Instruction Cured by Evidence and Another Instruction.*—Where, in such case, the jury have been instructed fully and fairly as to the statutory definition of the crime alleged, and from the evidence given the act of the defendant was clearly unlawful, the fact that, in another instruction in relation to what constituted the crime charged, the word " unlawfully " is omitted therefrom, is harmless.

SAME.—*Failure to ask Instructions.*—Where the instructions given to the jury are right as far as they go, the mere failure of the court to instruct as to other proper matters is not available as error where no request to so further instruct is made.

SAME.—*Character of Defendant.*—An instruction to the jury trying a criminal cause, that they should consider the evidence given as to the defendant's previous good character in determining his guilt or innocence, but that, if they were "satisfied, beyond a reasonable doubt, of the guilt of defendant," his previous good character "would not avail him as a defence or entitle him to an acquittal," is correct.

From the Gibson Circuit Court.

*J. E. McCullough* and *L. C. Embree*, for appellant.

*C. A. Buskirk*, Attorney General, *W. H. Trippet*, Prosecuting Attorney, and *W. M. Land*, for the State.

WORDEN, J.—The appellant was indicted for an assault and battery upon the person of Sylvester Cole, by shooting him with a gun loaded with powder and shot, with intent thereby to murder the said Cole.

Upon the trial of the cause by a jury, the following verdict was returned, viz.: " We, the jury, find the defendant guilty of assault and battery, and assess his punishment at imprisonment in the county jail for four months, and that he be fined in the sum of seventy-five dollars.

(Signed,)                    " J. S. HESTON, Foreman."

Motion by the defendant for a *venire de novo* overruled, and exception. New trial denied, and exception. Judgment on the verdict.

The appellant insists that the verdict was radically defective in not showing that he was guilty of assault and

battery as charged in the indictment, or in not otherwise showing that the assault and battery of which he was guilty was the same assault and battery as that with which he was charged. The verdict, it is claimed, may be true, and yet the defendant may not have been guilty of the offence charged in the indictment or any part thereof; that the assault and battery alluded to in the verdict may have been a different offence from that charged in the indictment.

The position assumed by the appellant is sustained by the case of *Wills* v. *The State*, 4 Blackf. 457. · There, the defendant was indicted for larceny, and the verdict was, " We find the defendant guilty of petit larceny, and that he be imprisoned," etc. The court held that the verdict did not authorize the judgment, " as the defendant might have been guilty of petit larceny without being guilty of the larceny charged in the indictment."

But the case above mentioned was overruled by the case of *Moon* v. *The State*, 3 Ind. 438, in which the court said they were unwilling to follow that case. Moon was indicted for muder, and the verdict was, " We, the jury, find the defendant guilty of manslaughter, and sentence him to imprisonment," etc. The court said: " We think the manslaughter of which the jury find the defendant guilty is that covered by the charge in the indictment. The issue which they were sworn to try was upon that charge, the evidence must have been relevant to that charge, and the instructions of the court, as well as the arguments of counsel, must have informed them that unless that charge was proved, as to the offence and jurisdiction in which it was prosecuted, they could not find the defendant guilty; and had it not been so proved, in the opinion of the court below, a new trial would have been granted."

The case of *Moon* v. *The State, supra*, was followed in *Evans* v. *The State*, 7 Ind. 271. Evans was indicted for

murder, the verdict finding him guilty of manslaughter, without adding the words, "as charged in the indictment." The court said, " There is nothing in this objection," citing the case of *Moon* v. *The State.* The last two cases were approved in the following cases : *Carrick* v. *The State,* 18 Ind. 409, *Cunningham* v. *The State, ex rel. Wilson,* 35 Ind. 373, and *Lovell* v. *The State,* 45 Ind. 550.

We think on principle and authority, that the verdict was sufficient. In view of the facts, that the charge of assault and battery contained in the indictment was the one which the jury were called upon to try, and that they could not enquire, nor could evidence have been given on the trial, concerning any other assault and battery, the fair interpretation of the verdict is, that the defendant was guilty of the assault and battery which was charged in the indictment.

The verdict being good, it is not material to enquire whether the supposed objection thereto, had it been valid, was more properly made by a motion for a *venire de novo* than by a motion in arrest of judgment. Neither motion could prevail against a good verdict, the objection going only to the verdict.

Objection is made to the following charges given by the court to the jury :

" 4. If you should find it to be true that the defendant, at said county and State, and within the time before named, did purposely shoot a gun, loaded with gunpowder and leaden ball, at and against the said Sylvester Cole, the question is still before you whether the defendant at the time he fired the gun intended to take the life of said Cole. In determining that question, it is important to consider the distance that the defendant was from the said Cole at the time of firing the gun, the character of the weapon used, and the manner it was loaded, whether it was such a weapon as would likely take the life of a man at the distance the defendant was from the said Cole, at the time the

shot was fired; whether the defendant made any declarations at the time or immediately before the shooting, as to what his intentions were. You will also take into consideration the defendant's testimony on the stand before you, as to what his intentions were at the time he shot the gun, and also the testimony as to the defendant's character for peace.

"7. Some evidence has been offered in regard to the character of the defendant for peace. This evidence should be considered by the jury in determining the guilt or innocence of the defendant. But, if the jury should be satisfied beyond a reasonable doubt of the guilt of the defendant, then, in that view of the case, though you might believe that the defendant had a good character before the alleged difficulty occurred, that would not avail him as a defence or entitle him to an acquittal."

Two objections are made by the counsel for the appellant to the fourth charge, the first of which, for the sake of clearness, we state in the language of the counsel: "By this instruction," say the counsel, "the court clearly assumes that, if the defendant 'purposely' shot Cole, he is guilty of assault and battery; and the only question left is, is he guilty of the intent? And if the defendant, at the time he fired the gun, purposely intended to take the life of Cole, then he is guilty of the felony charged in the indictment. This is the meaning of the instruction, and would be so understood by the jury. In this regard we do not think the instruction is the law. The defendant would not be guilty of assault and battery with intent to kill, unless he 'unlawfully' shot Cole. Neither would he be guilty of assault and battery with intent to kill, unless he unlawfully shot Cole with the intent by that act to take his life. We submit that the word 'purposely' used by the court is not the synonym of 'unlawfully.' He might purposely have shot at Cole, without unlawfully shooting

at him. So also the defendant at the time he fired the gun might have intended to take the life of Cole, and still not have intended or expected to take it at that time or by that act, and so he should not be found guilty of the felony charged."

With regard to the latter branch of the objection thus above stated, that is, that the charge failed to state that the defendant must have intended to kill, at the time and by the means of the assault and battery, in order to his conviction of the intent, it may be observed that if the charge was ambiguous, or even erroneous in this respect, it could not have injured the defendant, inasmuch as he was not convicted of the felonious intent.

We proceed to the main objection above set out to the charge, that is, that the court omitted the word "unlawfully" in mentioning the circumstances that went to make up the offence of assault and battery.

It may be observed that in another charge the court gave to the jury an accurate statutory description of the offence of assault and battery, especially advising them that the touching or battery must have been perpetrated unlawfully and in a rude, insolent or angry manner. The jury were therefore fully and properly enlightened as to the elements that constitute the offence of assault and battery.

If the charge in question may be regarded as erroneous for the want of the word "unlawfully," we are of opinion, having in view the evidence in the cause, that the error was entirely harmless. The evidence in the cause, which is without conflict in this respect, shows clearly and unequivocally that the battery was perpetrated unlawfully and in an angry manner. The facts are, in brief, that the defendant was at work in a field near a highway, and Cole came along the highway riding upon a mule, and the defendant spoke to him, and he stopped. Some altercation took place between the parties, when Cole started to ride away, and the defendant seized a shot gun which was

standing by the fence, and shot at him as he was going, one shot taking effect in the back of Cole's neck. The following is the defendant's own version of the transaction, as detailed by him as a witness upon the trial:

" My name is John Rollins. I am the defendant in this case. I know Sylvester Cole. I was working in the field on the day of this difficulty, and he came along the road, and I said to him, ' You are the gentleman I wish to see.' I said, ' You have been to my house trying to force my wife.' I said, ' You went there the day I was working on the roads, and my little girl was at home that day, and you tried to persuade my wife into measures; and the day when I was threshing wheat at Harrison Brown's, you went there and tried to force her into measures.' He first said he was there but he did not mean any harm. I said I would not go about men's houses trying to force their wives. He said that he did not do that. He said I was a liar, and whoever said that was a liar. I told him my wife had told me what he did. I told him not to go there any more. He said he did not have to go there, and again he said I was a liar. He called me a liar four or five times. He was very angry and so was I. He started off and said, ' I will kill you if you were the last man.' When he started off I got my gun and shot at him. He was fifty yards off when I shot, quarrelling back with me. I never said I was going to kill him. I did not intend to kill him. I was not in killing distance. I only intended to scare him badly. Before this time I had never had any difficulty or quarrel with Cole. The gun had a small squirrel-load in. He started away just as I started for the gun. The gun was in the fence corner about three double panels east from me, and he was going west just at an ordinary gait."

Taking the defendant's own version of the transaction, it is apparent that the assault and battery perpetrated by him upon Cole was unlawful, and he was in no manner

injured by the failure of the court to embody in the charge the idea that to constitute an assault and battery the touching must have been unlawful.

The following authorities sustain the proposition, that in such case a judgment will not be reversed: *Wood* v. *Commons*, 3 Ind. 418; *Morford* v. *Woodworth*, 7 Ind. 83; *Roots* v. *Tyner*, 10 Ind. 87; *Smith* v. *The State*, 28 Ind. 321. The case last above cited is peculiarly in point in principle. The case was a prosecution on an indictment for larceny. All the evidence concurred in fixing the date of the larceny as the 28th of May, 1867. The court below gave a charge assuming that that was the date of the alleged larceny. The court said, in speaking of the charge: "But it should not have assumed as a fact that the taking, if it occurred, was on a particular day, as that was a question for the jury. If there had been the slightest material conflict in the evidence upon this subject, or if the case did not exclude the possibility of the jury having discredited the evidence of the witnesses who testified upon the subject, this fault in the instruction would require a reversal of the judgment; but, as already stated, the evidence all concurred upon this matter, and it came from the same witnesses by whose testimony the *corpus delicti* was maintained. Without crediting these witnesses, such is the nature of the whole evidence that there could have been no verdict of guilty. It seems, therefore, impossible, that injury could have resulted to the defendant on account of this feature of the instruction. Under such circumstances, section 160 of the criminal code forbids a reversal."

But the appellant insists that the charge was erroneous in another respect, viz.: that in enumerating the particulars which were important to be considered by the jury in determining the felonious intent charged, the court omitted a material and important matter, namely, the inflamed state of mind under which he was laboring at the time of

the assault consequent upon the quarrel which had taken place between him and Cole. We are of opinion that this objection is without foundation. The court stated certain particulars which were important to be considered in determining the intent charged. It is not claimed that the matters mentioned were not important to be considered, but that the court should have gone further and mentioned the matter above stated. The charge was right so far as it went, and if there were other matters not embraced in it, which the defendant deemed important to be considered by the jury, he should have prepared a charge on the subject and have requested the court to give it. It will be seen by the charge that the court did not say to the jury that the matters mentioned were all the matters important to be considered; but the court mentioned certain matters as being important. The charge did not exclude the conclusion that there might be other matters of importance to be considered; and if the defendant desired that the attention of the jury should be called to other matters, he could have had it done by asking the proper charge, in addition to what had been given by the court.

We proceed to the consideration of the seventh charge. It is settled that the good character of the accused is an element to be taken into consideration by the jury in determining the question of guilt or innocence. And it matters not how conclusive the other evidence may be of guilt, if the evidence of the defendant's previous good character, taken in connection with the other evidence, leaves a reasonable doubt on the minds of the jury as to the defendant's guilt, he is entitled to the benefit of that doubt, and to an acquittal. *Kistler* v. *The State*, 54 Ind. 400.

The charge given, we think, was in entire harmony with the above proposition. The court said, "This evidence" (as to character) "should be considered by the jury in

determining the guilt or innocence of the defendant."
The court had elsewhere charged sufficiently on the subject of reasonable doubts. The charge left the jury free to consider the evidence of good character in determining the question of guilt or innocence, and the jury had been already instructed, in substance, that, in order to a conviction, they must be satisfied beyond a reasonable doubt of the defendant's guilt. The charge goes on to say, that if the jury should be satisfied beyond a reasonable doubt of the defendant's guilt, then his previous good character would not avail him as a defence or entitle him to an acquittal. This last proposition must be correct. If the jury, having considered all the evidence, including that in relation to good character, as they were directed to do by the first part of the charge, were satisfied beyond a reasonable doubt of the defendant's guilt, it follows that his previous good character could not avail him as a defence or entitle him to an acquittal. Previous good character does not license the commission of crime. There was no error in the seventh charge.

The judgment below is affirmed, with costs.

## DISSENTING OPINION.

BIDDLE, J.—I am constrained to dissent from the opinion of a majority of this court in this case as to the principle of looking to the evidence in aid of an improper instruction to the jury, or to a proper instruction to correct one which is improper, when both are allowed to go to the jury. That the fourth instruction given to the jury in this case is erroneous, can not be doubted. It plainly tells the jury, that if the appellant " did purposely shoot a gun, loaded with gunpowder and leaden ball, at and against the said Sylvester Cole with the intent charged," etc., he may be found guilty as charged in the indictment. To say that *purposely* shooting a person is criminal, is to deny all right

of self-defence or other justification. *Waybright* v. *The State*, 56 Ind. 122. The shooting must have been unlawfully or feloniously done, as well as purposely, to make it criminal. And this court can not look to the evidence to see whether the shooting was unlawful or felonious or not. To weigh the evidence is the peculiar duty of the jury and not of this court, except where some question upon the evidence is directly presented—not when the propriety of an instruction is the question presented. In the case of *Bradley* v. *The State*, 31 Ind. 492, this court holds the following language: " The defendant is entitled to a plain, accurate and unquestioned statement of the law from the court. Nothing less than this will satisfy the requirement of the statute." *Clem* v. *The State*, 31 Ind. 480. No exception is made in this language as to how strong the evidence may or may not be. *Clem* v. *The State*, 42 Ind. 420.

It must be held as settled law in this State, that, if an erroneous instruction is given to the jury, it can not be corrected by a proper instruction, unless the erroneous instruction is withdrawn. And when two instructions are inconsistent with each other, and are liable to confuse the jury, or leave them in doubt as to the law of the case, the judgment should be reversed. *Kirland* v. *The State*, 43 Ind. 146; *Summers* v. *The State*, 51 Ind. 201; and authorities *supra*.

The only healing statute in criminal cases is as follows: " On an appeal the court must give judgment, without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." 2 R. S. 1876, p. 412, sec. 160.

The decisions above cited were made in the face of this statute, and should be held, as it appears to me, to be its true interpretation. It is impossible to say that an erroneous instruction is a mere technical error, that does not affect the substantial rights of the parties, when such in-

struction may have induced the jury to return the verdict against the appellant. This court by looking into the evidence can not say to the contrary. It is not within its province to do so, nor in this case has any such question been presented for its decision.

All the cases cited in the opinion of the majority of the court, except one, were decided under section 580, 2 R. S. 1876, p. 246, of the civil code, and, as I view the question, have no reference to the practice in criminal cases; nor does it seem to me that the remaining case supports the opinion. The law can not be administered with unswerving uniformity, nor justice safely preserved, if so variable an element as seems to be sanctioned by the opinion of the court in this case is permitted to affect its fixed principles.