THE STATE *v.* MEAD.

In criminal cases, except petit misdemeanors, &c., the state as well as the defendant may insist on a trial by jury.

If the state claim a jury in such criminal case, but the Court notwithstanding try the cause without a jury and acquit the defendant,—the trial is a *nullity*, and the cause must be tried again.

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—Indictment for larceny. Plea, not guilty. When the cause was called for trial, the defendant claimed the right to have the cause tried by the Court and not by a jury. The prosecuting attorney, on behalf of the state, objected to this claim, and insisted upon having a jury impanelled to try the issue. The Court overruled the objection of the prosecuting attorney, tried the cause upon its merits without a jury, and acquitted the defendant.

We have no doubt but that this proceeding is unconstitutional and void. The language of the constitution of the state is, "That in all criminal cases, except in petit misdemeanors, &c., the right of trial by jury shall remain inviolate." Art. 1, sec. 5. The state is as much entitled to the benefit of this constitutional provision as any individual can be. Whenever the right is claimed by either party, in a case like the one before us, the Court is bound to grant it. The statute authorising suits, whether civil or criminal, to be submitted to the Court without a jury, can have no application to this case; Rev. Code, 1831; p. 408; because the state instead of agreeing to a trial by the Court, objected to it in express terms.

The defendant supposes that because he has been acquitted, the state cannot subject him to another trial for the same cause. That would be true, if the objection of the state were to a verdict, and the insufficiency of the evidence were the ground of the objection. *Rex* v. *Praed*, 4 Burr. 2257 (1). But this is a very different case. Here is no verdict, and the objection to the judgment is, that there has been no legal trial. The Court had no authority, under the circumstances, to determine the issue, and the trial is *coram non judice* and absolutely void. The plea of *auterfois acquit* is no bar to a prosecution, if the former indictment was insufficient. *Vaux's* Case, 4 Co.

May Term, 1837.

THE STATE
v.
SPENCER.

Rep. 44. The reason is, because the defendant, in such a case, was not *legitimo modo acquietatus*. For the same reason, the defendant, in the present case, may be tried again. Our constitution, it is true, provides that no person shall be twice put in jeopardy for the same offence. Ind. Const. art. 1, sec. 13. But that provision does not apply to a case where the first trial was a nullity, and where the defendant, of course, was not put in jeopardy by it.

There has here been a *mis-trial*, and though the defendant has been acquitted, there must be another trial of the cause.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Herod*, for the state.

*C. C. Nave*, for the defendant.

(1) *Vide* note to *Warren* v. *The State, ante,* p. 150.—*The State* v. *Davis, Nov.* term, 1837, *post.*