## WM. WEBBER vs. THE STATE OF MISSOURI.

An indictment for a libel upon *George Morton,* charged the defendant with publishing in the German language that which in English conveyed the charge that "Morton was the most swindling and worthless speculator who ever brought ruin upon the city of St. Louis." On the plea of "not guilty," the jury found a special verdict—"we the jury find the defendant guilty of charging Mr. Morton of being a visionary worthless speculator."

Held,—

1. That the matter on which the defendant was found guilty, is not that with which he was charged.

2. The verdict is defective, in not finding any malice in defendant.

*Wm. Webber* vs. *The State.*

## APPEAL from St. Louis Criminal Court.

FIELD & KRIBBEN *for Appellant, insist:*

I. The special verdict was insufficient to warrant a judgment of conviction:—

1. Because it found no offence at all as charged in the indictment. It found the defendant guilty of *"charging* Morton," &c. The term *charging,* by no construction admissible in criminal proceedings, can be regarded as the equivalent of "writing and publishing," which are the words of the indictment.

2. It found no libel on George Morton as charged in the indictment. In the language of the special verdict, the libel, if any, was concerning *Mr.* Morton. But the Court cannot know that the George Morton of the indictment, is the Mr. Morton of the verdict.

3. Because the verdict does not find the offence of which it speaks, to have been committed in St. Louis county.

4. Because the verdict finds no time when the offence was committed. It might have been more than a year before indictment found.

5. Because the verdict finds no malice or falsehood in the defendant's *charge,* both of which are essential ingredients in every libel.

6. Because the words found in the verdict are different in sense and meaning from those set out in the indictment.

7. Because the verdict finds no libel in the German language, and herein departs from the charge in the indictment.

The counsel for the appellant, in support of the foregoing, cites the following authorities: 5 Bac. Abr. 32, title Verdict; King vs. Francis, 2 Strange 1015; Scharf vs. Com., 2 Binney 514; Com. vs. Call, 21 Pick. 509; Dyer vs. Com., 23 Pick. 402; Jenks vs. Hallett, 1 Caine's Rep. 60; 2 Hawk. 627; King vs. Hazel, 1 Leach 406.

II. The defendant insists that the verdict is equivalent to an acquittal, and that he is entitled to his discharge. The rule, as it is extracted from the cases, is conceived to be, that where the special verdict substantially finds an offence included in the indictment, but omits some circumstance necessary to warrant a judgment, or where the judgment is so imperfect that the meaning of the jury cannot be collected from it, the Court will award a *venire de novo;* but where the matter found is in substance no offence at all, or not an offence contained in the indictment, the defendant will be discharged. Defendant insists:

1. That the words found in the verdict are not libellous.

2. That if libellous, they differ from those charged in the indictment, and therefore could never warrant a judgment of conviction under the indictment.

In many cases a much more liberal rule towards the defendant has been adopted, as will be seen by reference to the cases cited above. And in Worley vs. Isabel, 1 Bibb 250, it is said that in criminal cases a special verdict must be taken as an acquittal of all that is not particularly found in it. See the remarks on Rex vs. Woodfall, in this last mentioned case.

SCOTT, J., *delivered the opinion of the Court.*

Webber was indicted for a libel on George Morton, published in the German language, which, in English, conveyed the charge that Morton was the most swindling and worthless speculator who ever brought ruin upon the city of St. Louis. On not guilty, pleaded, the jury found the

following verdict: "We the jury find the defendant guilty of charging Mr. Morton of being a visionary, worthless speculator." A motion was made in arrest of judgment, which was overruled by the Court, and judgment was entered imposing a fine of one dollar, and imprisoning the accused one hour.

The only question raised on the record is as to the sufficiency of the. verdict. This is not like those cases in which it has been held that a person indicted for one offence may be found guilty of a lower grade of the same offence; as where one is indicted for murder, he may under the same indictment be found guilty of manslaughter. So, one indicted for robbing, may be found guilty of stealing simply. No malice is found by the jury in their verdict, which is of the very essence of the offence of libelling. They have found the accused guilty of a matter different from that with which he is charged in the indictment, and it is hard to say on what principle the verdict can be sustained. Rex vs. Woodfall, 5 Bur.; Scharff vs. Comm., 5 Binney; The People vs. Olcott, 2 J. C. 311; McNally's case, 9 Coke 111.

Judge NAPTON concurring, the judgment will be reversed.