May Term,
1852.

MOON
v.
THE STATE.

MOON *v.* THE STATE.

Upon the trial of an indictment for murder in the first degree, the jury found a verdict as follows: "We, the jury, find the defendant guilty of manslaughter, and sentence him to imprisonment in the state prison for three years at hard labor." *Held*, that the verdict was not defective in omitting to specify that the defendant was found guilty "as charged in the indictment."

*Friday,
August 27.*

ERROR to the *Marion* Circuit Court.

PERKINS, J.—Indictment against *Harvey Moon*, containing a single count charging murder in the first degree. Trial. Verdict as follows: "We, the jury, find the defendant guilty of manslaughter, and sentence him to imprisonment in the state prison for three years at hard labor." Motions in arrest of judgment and for a new trial overruled, and judgment and sentence upon the verdict.

It was competent for the jury to find the defendant guilty of manslaughter upon an indictment for murder; and the simple finding of guilty of manslaughter was equivalent to a finding of not guilty of murder. So far, the verdict is not objected to. But it is contended that it is fatally defective in not finding the defendant guilty "as charged in the indictment;" and *Wills* v. *The State,* 4 Blackf. 457, is cited as in point. A general verdict of guilty as charged in the indictment would have been bad in this case for uncertainty; because an indictment for murder in the first degree is really an indictment for one of three distinct crimes, viz., murder in the first, murder in the second degree, and manslaughter. And upon a general verdict of guilty, the Court could not know of what offense the defendant was convicted.

But in this case the jury designate the particular offense of which they find the accused guilty, viz., manslaughter, one of the offenses covered by the indictment; and we think the verdict sufficiently certain. We think the manslaughter of which the jury find the defendant guilty is that covered by the charge in the indictment. The issue which they were sworn to try was upon that charge, the evidence must have been relevant to that

charge, and the instructions of the Court, as well as the arguments of counsel, must have informed them that unless that charge was proved, as to the offense and jurisdiction in which it was prosecuted, they could not find the defendant guilty; and had it not been so proved, in the opinion of the Court below, a new trial would have been granted. If this decision conflicts with the case of *Wills* v. *The State*, which it probably does, we can only say we are unwilling to follow that case.

*Per Curiam.*—The judgment is affirmed with costs.

*O. H. Smith* and *D. Kilgore*, for the plaintiff.

*J. S. Buckles* and *R. A. Riley*, for the state.