Nov. Term,
1854.

WRIGHT
v.
THE STATE.

</div>

---

<div style="text-align:center">

WRIGHT *v.* THE STATE.

</div>

<div style="text-align:right">

5  527
141  121
141  359

</div>

Assault and battery, which is simply a misdemeanor, is not included in any of the degrees of felonious homicide.

The assault and battery, in a case of felonious homicide, is merged in the felony.

On the trial of a prisoner on an indictment for murder, the jury, by their verdict, found him guilty of an assault and battery.

*Held*, that the verdict was a nullity.

*Held*, also, that the defect could be reached by motion in arrest.

*Held*, also, that the indictment still stood against the prisoner, and that he must again be put on trial.

APPEAL from the *Johnson* Circuit Court.

STUART, J.— *Wright* was indicted for murder in the second degree. Trial by jury, and verdict in the following words: "We, the jury, find the defendant guilty of an

<div style="text-align:right">

*Monday,*
*December* 11.

</div>

assault and battery, and fine him one thousand dollars." Motions in arrest of judgment and for a new trial overruled, and judgment on the verdict. *Wright* appeals.

It is urged in argument as the sole ground of objection to the judgment, that the Court had no jurisdiction in cases of assault and battery; and 2 R. S. 370, 388, and the 14th section of the Common Pleas act, *id.* 16, conferring jurisdiction of all offences below the grade of felony on the Court of Common Pleas, are cited. But the period at which these acts severally took effect, compared with the alleged date of the crime, shows that this case is not governed by any of these enactments. The revised statutes took effect *May* 6, 1853. The Common Pleas act was declared in force from and after *October* 1, 1852. And the alleged crime was committed in *September*, 1852. So that the argument in relation to jurisdiction under those laws wholly fails. The case is governed by the R. S. 1843.

The 5th section of the act relating to crime and punishment in that revision, defines, for the first time, "murder in the second degree." In the R. S. of 1831 and 1838, it stood as at common law, the indictment for murder with malice aforethought including murder in the second degree and manslaughter. The definition of murder in the second degree was taken from the criminal code of *Ohio.*

Had the verdict been one which it was competent for the jury to find, as necessarily included in the principal charge, this case would come within the ruling of the Court in *Moon* v. *The State*, 3 Ind. 438. For example, the verdict of guilty of manslaughter, would have been equivalent to a verdict of not guilty in the degree charged.

But the case at bar presents a very different question. Assault and battery, which is simply a misdemeanor, is not included in any of the degrees of homicide. The misdemeanor is merged in the felony. The assault and battery which results in death, must belong either to felonious homicide embraced in murder or manslaughter; or to justifiable or excusable homicide, as the execution of a felon by due course of law, or in a proper measure of self-defence.

Nov. Term,
1854.

WRIGHT
v.
THE STATE.

In either event, the simple assault and battery no longer remains as such to be punished. It is either merged, justified or excused. 1 Chitty Crim. Pl. 520.

The verdict, therefore, finding him guilty of assault and battery, amounted to no more than though the jury had found him guilty of larceny or forgery. The verdict is a nullity. *Wright* was not put on trial for a simple assault and battery, and, of course, a verdict to that effect does not determine the issue joined.

Whether this defect can be reached by motion in arrest, is not very clear from the authorities. It is not among the causes specially enumerated by *Chitty,* 1 Crim. Law 539, 540, as ground of arrest of judgment. Yet as the motion is not confined to objections which arise on the indictment alone, but extends to the face of the record, this defect would seem to be included. For the verdict is part of the record. "Hear your verdict as the Court will record it," is the usual judicial language. It would seem, therefore, that the motion in arrest was not improper, and should have prevailed.

The most difficult inquiry yet remains, namely, the effect of such arrest of judgment. Is it equivalent to an acquittal, or is it a mis-trial?

We have already seen that the verdict was a nullity. It could not therefore import, like the verdict of manslaughter in the *Moon* case *supra,* an acquittal of the murder charged or the manslaughter implied in the indictment. At common law, the motion in arrest, when sustained, had no other effect than the motion to quash, for which, indeed, both in civil and criminal pleading, it was in some degree a substitute. "The proceedings will be set aside, and judgment of acquittal will be given. But this is no bar to a subsequent indictment, which the prosecutor may immediately prefer." 1 Chitty C. L. 542. In support of which numerous *English* authorities are cited.

This is the rule where the defect to which the motion in arrest is addressed exists in the indictment itself. But where the defect is in a different part of the record, we apprehend that a different rule as to the discharge of the

prisoner would prevail. In this instance, the objection did not go to the indictment. That is good. The void verdict alone is reached by the motion. It would therefore seem that the indictment still stands against the prisoner undisposed of on the record.

In support of this ruling, we are not without strong analogy in our own reports. In *The State* v. *Mead*, 4 Blackf. 309, the facts were these. *Mead* claimed a trial by the Court, the prosecutor demanded a jury. The Court denied the demand of the prosecutor, tried the cause on its merits without a jury, and acquitted *Mead*. This proceeding was held to be a nullity. He was not, says the Court, put in jeopardy by it. It was a *mis-trial*, and though acquitted, the prisoner must again be put on trial. So that the rights of the state are not lost to her, it would seem, by mistakes of her judges and juries, where the error is induced, acquiesced in, or, as in the instance before us, waived by the subsequent steps taken by the defendant.

On the authority of the case cited, we may well call the proceedings in that at bar, as they are presented us by motion in arrest, a mis-trial. How far the success of his motion may better *Wright's* condition in the end, is yet to be seen. It is a risk of his own seeking.

*Per Curiam.*— The judgment is reversed. Cause remanded, &c.

*F. M. Finch*, for the appellant.

*R. A. Riley, N. B. Taylor* and *J. Coburn*, for the state.