## CARRICK *v.* THE STATE.

This Court will presume that all things have been rightfully performed in the Court below, unless the contrary is affirmatively made to appear.

Under an indictment for murder, the defendant may be convicted of manslaughter.

In such case, a verdict will be sufficient, which merely finds the defendant guilty of manslaughter and assesses his punishment.

In a criminal case, in the absence of fraud, the defendant can not be ordered to be imprisoned until the costs are paid or replevied.

APPEAL from the *Cass* Circuit Court.

WORDEN, J.—The appellant was indicted for the murder of *John Davidson,* and, upon trial, was convicted of manslaughter, and sentenced to sixteen years imprisonment in the penitentiary. The trial was had at the *October* term, 1861, of the Court below, and a motion for a new trial was continued under advisement until the adjourned term of said Court, held in *January,* 1862, when the motion was overruled and judgment entered on the verdict.

The counsel for the appellant makes five points for a reversal, which will be noticed:

*First.* That the indictment is bad and should have been quashed on motion. The forms for indictments found in the revised code are held not to be law; but still the indictment before us appears to be substantially good. It contains, so far as we can perceive, all the requisites of a valid indictment, and no special defect has been pointed out.

*Second.* That the Court had no jurisdiction, at the adjourned term, the record not showing that the proper notice had been given. The adjourned term was authorized by the act of 1855, (Acts 1855, p. 70,) and in the absence of any thing appearing to the contrary, we will presume that the proper notice was given. The maxim, " *omnia praesumunter rite et*

*solemniter esse donec probetur in contrarium*,"—"every thing is presumed to be rightfully and duly performed until the contrary is shown," is applicable here.   Broom's Max. p. 729.

*Third.* That, on an indictment for murder, a party can not be convicted of manslaughter.    This may be done, as has been determined in several cases.   *Moon* v. *The State*, 3 Ind. 438; *Dukes* v. *The State*, 11 Ind. 557; *Hoss* v. *The State*, at the present term.

*Fourth.* The verdict is a nullity, not showing a state of facts which constitutes manslaughter.

The verdict is as follows:   "We, the jury, find the defendant did unlawfully kill the said *Davidson*, but without malice expressed or implied, as charged in the indictment, and we find him guilty of manslaughter, and we do make punishment imprisonment in the State prison during the term of sixteen years."   This verdict, according to the case of *Moon* v. *The State*, *supra*, is sufficient.   Indeed it would have been good had all that part been left out which precedes the finding of the defendant guilty of manslaughter.   The former part of the verdict, if it does no good, certainly does no harm.

*Fifth.* That the Court erred in ordering that the defendant stand committed until the costs should be paid or replevied.

This point is well taken.   *Thompson* v. *The State*, 16 Ind. 516.

*Per Curiam.*—That part of the judgment which orders the defendant to stand committed until the costs should be paid or replevied, is reversed.   Otherwise the judgment below is in all things affirmed.

*D. D. Pratt* and *D. P. Baldwin*, for the appellant.