## The State of Iowa v. Redman.

1. **Verdict; LARCENY.** A verdict of guilty on the trial of an indictment for grand larceny, must fix the value of the property stolen, that the court may know with certainty the grade of the offense of which the defendant is convicted.

2. **Criminal law: INSUFFICIENT VERDICT.** Where a verdict is insufficient in not responding to the entire indictment, the court may set it aside and try the prisoner again on the same indictment.

3. —— CONSTITUTIONAL LAW. And such second trial does not place the prisoner in jeopardy the second time for the same offense, within the meaning of the Constitution.

4. —— NO BAR TO NEW TRIAL. Where a verdict, especially one intended to be a verdict of guilty, is so defective and uncertain that the court does not know for what offense to pass judgment, it may be set aside by the court, even against the defendant's objection, and such proceeding will be no bar to another trial.

*Appeal from Mahaska District Court.*

TUESDAY, OCTOBER 25.

GRAND LARCENY. The indictment charges the defendant with stealing gold and silver coin to the value of two thousand dollars. Plea, "not guilty." A jury was impanneled and sworn to try the cause; testimony by both par-

VOL. XVII.—42

ties introduced; the case argued, and the jury charged. The jury retired, and after a short deliberation, returned the following written verdict, "we, the jury, find the defendant guilty." The verdict was received, and the jury discharged. Afterwards, on the same day, on motion of the State's attorney, the court set aside the verdict "on account of informality;" to the setting aside of which the defendant excepted." The defendant was again put upon his trial on the same indictment, before another jury, and pleaded the above facts in bar, to which plea the court sustained a demurrer, and defendant excepted. He claimed the benefit of such facts on the trial, and offered to establish them as a bar to the prosecution, but the court refused to allow this to be done, and the defendant excepted. On the second trial the defendant was found guilty, and the value of the property stolen fixed at $2,023\frac{56}{100}$. Judgment was rendered upon this verdict, sentencing the defendant to imprisonment in the penitentiary for four years, and the defendant appeals. He assigns as error the above action and proceedings of the court. He also assigns as error the refusal of the court to change the venue on account of prejudice in the county.

*Seevers & Williams* for the appellant.

*C. C. Nourse*, Attorney-General, for the State.

DILLON, J. — Under our statute, where the value of the property stolen exceeds twenty dollars, the offense is a felony, and is punishable by imprisonment in the penitentiary; where it does not exceed twenty dollars, the offense is a misdemeanor, and is punishable by fine or imprisonment in the county jail. Rev., § 4237. This marked distinction between grand and petit larceny has always existed in this State.

By other provisions of the statute, under an indictment

1. VERDICT: larceny.

for grand larceny, the defendant may be convicted of the inferior offense of petit larceny. In the early case of *Ray* v. *The State*, 1 G. Greene, 316 (A. D. 1848), it was expressly decided, in view of the above distinction, that in an indictment for grand larceny, " the verdict must fix the value of the property stolen, so that the court may know with certainty, of which offense the defendant is convicted; as without such a finding (under the statute providing for the punishment of larceny) the court could not well pass sentence." As to the necessity of finding the value of the property in such cases, see also *Highland* v. *The People*, 1 Scam., 392; *Sawyer* v. *The People*, 3 Gillman, 53. And in *Ray* v. *The State, supra*, because the verdict did not ascertain and find the value of the property, the court reversed the judgment; but instead of ordering the discharge of the defendant, awarded a *venire de novo*. So in a somewhat analogous case, the law in indictments for murder requires the jury, by their *verdict, to ascertain the degree*. And it is held, that as a general verdict of guilty on an indictment for murder would be defective, so is a general plea of guilty, and no regular judgment can be entered thereon. *McCauley* v. *The United States*, Morris, 486. And a verdict in such a case is fatally defective, unless the jury find specifically the degree of murder. *The State of Iowa* v. *Moran*, 7 Iowa, 236.

Ray's case directly, and the others by analogy, establish that the verdict in this case was defective and uncertain. And this is so. It did not find, and consequently the court could not know whether the defendant was guilty of the larger or smaller offense, and of course could not pass judgment. If it had been the intention of the jury to convict for the larger offense, the court could not legally punish for the smaller, and *vice versa*.

But, nevertheless, the defendant claims, and his counsel has made a strong argument to show, that as the indict-

The State of Iowa v. Redman.

ment is a good one, and as the defendant was put upon his trial, and as no unforeseen and irresistible necessity intervened, the proceeding operates practically as an acquittal, and is a bar to any further prosecution on the same indictment. The question is an interesting one, and we proceed to discuss it. Our Constitution provides (Bill of Rights, § 12) that "no person shall, after acquittal, be tried for the same offense." It does not contain the provision of the Federal Constitution, declaring that "no person shall be subject for the same offense to be twice put in jeopardy of life or limb." Amend. art. 5. We do not purpose to enter upon the mooted question whether this provision is binding *proprio vigore* upon the several *states*; because, in our judgment, the defendant has not been in jeopardy within the meaning of the common law maxim, or within the proper construction of the provision of the Federal Constitution. We may remark, before proceeding to the main inquiry upon the record, that inasmuch as the Constitution of nearly every State contains the same provision that is contained in the Federal Constitution, the omission of the provision in our Constitution, and the insertion in its place of the one above quoted from the bill of rights, would favor the notion that it was intended that nothing less than a regular acquittal should be considered as depriving the State of the power of putting a party upon trial for an alleged criminal offense. This view also finds some support in § 4714 of the Revision, which enacts that "There are *but* three pleas to an indictment: a plea of, 1st, guilty; 2d, not guilty; 3d, former judgment of conviction or acquittal." But see *State* v. *Callendine*, 8 Iowa, 288. Waiving this view, however, and assuming that the decisions made and rules established in other States, with reference to the plea or defense of "once before in jeopardy," are applicable in this State, and as available to a defendant here as in the other States or in

England, the question arises whether the defendant, in the case at bar, was twice put in legal jeopardy, for the same offense?

*In general*, it may be said that jeopardy begins when a trial jury, upon a sufficient indictment, in a court of competent jurisdiction, has been impanneled and sworn to try the cause. Bish. on Cr. Law, § 659; 2 Lead. Cr. Cas., 358. But the jeopardy is not considered as attaching in such cases, although the jury has been sworn, if during the trial the presiding judge becomes so ill as to be unable to proceed (*Nugent* v. *The State*, 4 Stew. & Port., 72); or if a juror's illness prevents him from sitting farther on the trial (*King* v. *Scalbut*, 2 Leach, 620; *United States* v. *Haskell*, 4 Wash., 402; Rev., §§ 4804, 4820); or if the prisoner's sudden illness incapacitates him from attending or managing his defense (*King* v. *Stevenson*, 2 Leach, 541); or if the jury, after full deliberation, are unable to agree (Rev., § 4821, 4822); or if the defendant is erroneously convicted, and obtains a reversal of the judgment. In all such cases he may be put upon his trial again, and cannot claim a discharge or acquittal because a jury has been once before impanneled and sworn to try the cause. And we understand the settled doctrine to be, that where the verdict is a *nullity* (or so *defective* that no judgment can be rendered upon it), the defendant may again be put upon his trial, certainly where the verdict was intended to be one of conviction, for in such case it is rather a *mistrial* than a legal putting in jeopardy. 1 Bish. Cr. Law, § 673.

Thus it has even been held, that if the court refuses the constitutional right of the *State* to a jury trial, and itself tries the defendant at his instance, and *acquits* him, this is no bar to another trial at the instance of the State, although the State Constitution provides that no person shall be twice put in jeopardy for the same offense. "The reason is," says BLACKFORD, J., who was the organ of the court,

<div style="margin-left:2em">

*4.— No bar to new trial.*

</div>

"because the defendant, in such a case was not *legitimo modo acquietatus.*" *State* v. *Mead*, 4 Blackf., 309. We need not go near this questionable extent to sustain the action of the court below in the case at bar.

So, where it is held that an assault and battery is merged in the felony, and a prisoner, indicted for murder, is found guilty by the jury of an assault and battery, the verdict is a nullity, the defendant is not in jeopardy, the proceeding is a mistrial, and the judgment may be arrested and the defendant again be put upon his trial on the same indictment. *Wright* v. *The State*, 5 Ind., 527. If the verdict is insufficient in not properly responding to the whole indictment, and the defendant appeals, the judgment will be reversed and the cause remanded for a new trial. *Marshall* v. *Commonwealth*, 5 Gratt., 663; *The State* v. *Moran*, 7 Iowa, 236; *Wilson* v. *The State*, 20 Ohio, 26; *Ray* v. *The State, supra;* *Webber* v. *The State*, 10 Mo., 4; *The State* v. *Sutton*, 4 Gill., 494. Or, if the verdict is defective and uncertain in not responding to the whole issue, the trial-court may itself set it aside and try the prisoner again on the same indictment. *Commonwealth* v. *Hatton*, 3 Gratt., 623; where the prisoner objected to the verdict as imperfect, and the court set it aside and awarded a *venire de novo.* When the trial was again brought on, he moved "to be discharged, on the ground that having been tried on the indictment, and the court having arrested the judgment on the verdict found, because not sufficient to warrant judgment, he was not liable to be again tried for the same offense;" but it was adjudged that he was thus liable. In *Lawrence and Donovan* v. *The People*, 1 Scam., 414, which is in all respects in point, the verdict of guilty was defective under the statute, in not finding the age of the defendant. The court below, on *its own motion*, set aside the verdict and ordered a *venire de novo.* Per SMITH, Justice: "The only question is on the power of the Circuit Court to

set aside a defective verdict on which no judgment could be rendered, and to award a *venire de novo*. The right to exercise this power cannot be questioned. It has been exercised in numerous criminal cases, and is undoubted." To the same effect, without quoting, see *People* v. *Olcutt*, 2 Johns. Cas., 301, the third point decided, Id., 311, per KENT, J.; *Rex* v. *Keite*, 1 Ld. Raym., 138, and Lord HOLT's judgment, Rep., 141; *S. C.*, Comberback's R., 406; *Commonwealth* v. *Percavil*, 4 Leigh (Va.), 686; *The State* v. *Duncan*, 2 McCord, 129, where the court awarded a new trial on a defective special verdict. 1 Chitty Cr. Law, 641; 1 Bish. Cr. Law, § 673. *The State* v. *Callendine*, 8 Iowa, 288, does not conflict with this view. The only doubt which has been raised, is whether the verdict could be set aside, a *venire de novo* awarded in a *capital* case. *Rex* v. *Huggins*, 2 Ld. Raym., 1585; and see *Rex* v. *Burridge*, 3 P. Wms., 439, 498. From these cases, and from a general examination of the authorities, we feel safe in laying down this general rule: *that where the verdict, especially if intended to be a verdict of guilty, is so defective and uncertain that the court does not know for what offense to pass judgment, it may be set aside by the court, even against the defendant's objection, and the proceeding is no bar to another trial.* This is good sense. The defendant, in the case before us, has never been acquitted. The jury did not intend to acquit him. They expressly found him guilty. If the court had pronounced judgment against him, and he had appealed the appellate court, under the authorities above referred to, it would not have discharged him, but remanded him for a new trial. It has never been adjudged that, in such a case, he could successfully plead once in jeopardy. The course taken below amounts to the same thing; and is, as we have shown, well warranted by the authorities. We are not unmindful of the rights of persons accused of crime, but do not see how this ruling can ever be used to oppress or

unjustly injure them. ' It accords, moreover, with the letter and spirit of our Code of Criminal Procedure. This has sought to prevent persons convicted of crime, from escaping deserved punishment on refined subtleties and black letter precedents, where no substantial interest or right has been prejudiced. This commendable reform ought not to find an obstacle in the illiberality or the prejudices of the courts. To order, as we are asked to do, upon the facts disclosed in the record, the absolute discharge of the defendant, would strike any fair mind, untutored in the meaningless technicalities and hair-splitting distinctions, formerly too prevalent in the criminal law, as no less ridiculous and absurd than subversive of the ends of public justice.

II. The error assigned in refusing the change of venue presents no new point of law. We therefore content ourselves with saying, that considering the nature of the offense as not being one calculated to awaken general attention, and prejudice, and the showing, and especially if we regard the counter showing, we are not satisfied that the court erred in the action complained of.

Judgment affirmed.