ROMEO *v.* STATE OF INDIANA.

[No. 25,570. Filed November 18, 1930. Rehearing denied January 5, 1923.]

*McMahon & Conroy,* for appellant.

*Arthur L. Gilliom* and *James M. Ogden,* Attorney-Generals, and *Harry L. Gause* and *E. Burke Walker,* Deputy Attorney-Generals, for the State.

WILLOUGHBY, C. J.—An indictment was returned by the grand jury against appellant charging him with murder in the first degree. The indictment charges as follows: "The Grand Jury of Lake county in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Lake, in the name and by the authority of the State of Indiana, on their oaths present that one Arasimo Romeo, late of said county, on the 9th day of September, A. D. 1927, at said county and state aforesaid, did then and there unlawfully, feloniously, purposely and with premeditated malice, kill and murder, one Salvatore Bianco, by then and there unlawfully, feloniously, purposely and with premeditated malice, shooting at and against and thereby mortally wounding the said Salvatore Bianco, with a certain deadly weapon, called a revolver, then and there loaded with gunpowder and leaden balls which said revolver he, the said Arasimo Romeo, then and there had and held in his hands, of which mortal wounding the said Salvatore Bianco then and there instantly died," etc.

On a plea of not guilty, appellant was tried by a jury and found guilty of murder in the second degree. A judgment was rendered on the verdict, and from such judgment this appeal is taken. The errors relied on for reversal are that the criminal court of Lake County erred in overruling appellant's motion for a new trial. Also that the court erred in overruling appellant's supplemental motion for a new trial.

The appellant alleges that it was error for the court

to give to the jury on its own motion instruction No. 8, which is as follows: "Manslaughter is now defined by statute in Indiana as follows: 'Whoever unlawfully kills any human being without malice expressed or implied is guilty of manslaughter and on conviction shall be imprisoned in the state prison for not less than two nor more than twenty-one years.' Manslaughter as now defined includes every unlawful killing of a human being not embraced within the definitions of murder and involuntary manslaughter. Involuntary manslaughter is now a separate crime and is the killing of a human being done involuntarily without intent, purpose, premeditation or malice but in the commission of some unlawful act. The crime of involuntary manslaughter is not within the issue in this case and need not be further considered."

Section 2312 Burns 1926, provides that, upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense.

Section 2313 Burns 1926, provides that, in all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or affidavit.

Section 2314 Burns 1926, provides that, when the defendant has been convicted or acquitted upon an indictment or affidavit for an offense consisting of different degrees, the convicting or acquittal shall be a bar to another indictment or affidavit for the offense charged in the former, or for any lower degree of that offense, or for an offense necessarily included therein.

In Acts 1927, §1, ch. 203, p. 580, the crime of manslaughter is defined, and the penalty fixed at imprisonment in the State Prison not less than two nor more

than 21 years, and the crime of involuntary man-
slaughter is defined and the penalty fixed at imprison-
ment in the State Prison for not less than one nor more
than 10 years.

A comparison of this section of the act of 1927 with
the definitions of the crime of manslaughter in §2416
Burns 1926, discloses the fact that no change
was made in stating the essential elements of
the crime of manslaughter and involuntary man-
slaughter in said act of 1927. The only change made
was in fixing the punishment for involuntary man-
slaughter at imprisonment in the State Prison at not
less than one nor more than 10 years. It is, therefore,
evident that the enactment of the statute of 1927 fur-
nishes no reason for a change of procedure in the prose-
cution for such offenses.

It has been held that, on the trial of an indictment
for murder, there may be a conviction for voluntary
or involuntary manslaughter. *Carrick* v. *State*
(1862), 18 Ind. 409; *Powers* v. *State* (1882),
87 Ind. 144; *Pigg* v. *State* (1896), 145 Ind. 560,
43 N. E. 309.

In *Powers* v. *State, supra,* the appellant was indicted
and tried on a charge of murder in the first degree and
was found guilty of manslaughter. One of the reasons
assigned as error by the appellant in his motion for a
new trial was error in refusing to give to the jury a
certain instruction requested by appellant. The instruc-
tion was as follows: "Involuntary manslaughter is when
any person shall unlawfully kill any human being with-
out malice, express or implied, involuntarily, but in the
commission of some unlawful act, and if you believe the
defendant guilty of involuntary manslaughter in this
case, you should find him not guilty under this indict-
ment for murder, as involuntary manslaughter is not
included in the crime charged in the indictment." The

court said: "In the absence of the evidence, we must presume that the court below properly refused to give this instruction. It may have been refused because not applicable to the evidence; or it may have been refused because not asked in the proper manner." The court . then discussed the matter as follows: "But, aside from this, we think that the instruction was properly refused, as not stating the law correctly. The statute provides that, upon an indictment for an offense consisting of different degrees, the defendant may be acquitted of the higher charged, and found guilty of any degree inferior thereto; and that in all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. R. S. 1881, Sections 1834 and 1835."

Section 1834 R. S. 1881, has been re-enacted and is now §2312 Burns 1926. Section 1835 R. S. 1881, has been re-enacted and is now §2313 Burns 1926. The giving of said instruction No. 8 was error. It did not state the law correctly. It took from the jury the consideration of one of the material issues in the case. This was a violation of Art. 1, §19, of the Constitution of Indiana, §71 Burns 1926, which provides that, in all criminal cases whatever, the jury shall have a right to determine the law and the facts.

Instruction No. 19 given by the court over the objection of appellant contains the same infirmities. Other alleged errors discussed in appellant's brief will not, in all probability, occur on a retrial of the case, and therefore, need not be considered in this opinion.

Judgment reversed, with instructions to sustain appellant's motion for a new trial. The clerk of this court is directed to make and certify the usual order for the return of appellant to the custody of the sheriff of Lake County.

Martin, J., absent.