MIMMS *v.* STATE OF INDIANA.

[No. 30,797. Filed November 27, 1967].

*Lewis Davis,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Wilma T. Leach,* Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal from a conviction after trial by jury of the crime of manslaughter. The defendant was put on trial by an indictment charging Second-Degree Murder. The indictment, omitting the formal parts thereof, reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that ROBERT LOUIS MIMMS on or about the 15th day of September, A.D. 1962, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously, purposely and maliciously but without premeditation, kill and murder one JESSE STEWART, JR. a human being, by then and there unlawfully, feloniously, purposely and maliciously, but without premeditation, shooting at and against the said JESSE STEWART, JR., with a certain revolver, loaded and charged with gun powder and metal bullets, then and there held in the hands of the said ROBERT LOUIS MIMMS, and did then and there and thereby inflict a mortal wound in and upon the body of the said JESSE STEWART, JR.,

of which mortal wound the said JESSE STEWART, JR., then and there and thereby died.

"And so the Grand Jury aforesaid, upon their oaths aforesaid, do say and charge that the said ROBERT LOUIS MIMMS, in the manner and form and by the means aforesaid did unlawfully, feloniously, purposely and maliciously, but without premeditation, kill and murder the said JESSE STEWART, JR., then and there being. . . ."

The appellant in his motion for a new trial makes the following specifications:

1. That the verdict of the jury is not sustained by sufficient evidence.
2. That the verdict of the jury is contrary to law.

The testimony of an eye-witness relates that the appellant was intoxicated at the time of the shooting. He approached the victim, who was having a verbal disagreement with another individual, asking if he needed any help. The victim replied in the negative. The appellant then drew a pistol at which the victim expressed his disapproval by uttering a verbal protest and moving towards the appellant to push the pistol aside. The pistol was discharged, mortally wounding the victim. It is not established whether or not the victim ever touched the pistol.

Burns' Indiana Statutes, Anno., § 10-3405, (1956 Repl.), reads as follows:

*"Manslaughter—Penalty.*—Whoever voluntarily kills any human being without malice, expressed or implied, in a sudden heat, or involuntarily in the commission of some unlawful act, is guilty of manslaughter, and on conviction shall be imprisoned not less than two [2] years nor more than twenty-one [21] years."

In the conviction the Trial Court did not distinguish as to whether this was voluntary or involuntary manslaughter. Therefore, it is enough if we find sufficient evidence of the commission of an unlawful act resulting in the death of the victim. The appellant's intent need not necessarily be at issue.

Burns' Indiana Statutes, Anno., § 10-4707, (1956 Repl.), reads, in part, as follows:

"*Drawing dangerous weapons.*—Whoever draws, or threatens to use, any pistol, dirk, knife, slung-shot or other deadly or dangerous weapon, already drawn upon any other person, shall be deemed guilty of a misdemeanor, . . . ."

making it an unlawful act to draw or threaten to use a pistol on any other person.

In *Surber* v. *State* (1884), 99 Ind. 71, judgment was affirmed by this Court where the appellant had drawn a pistol on another individual resulting in the individual being shot. The Court said:

"Our statutes are intended to require all persons to be exceedingly cautious and careful in the use and handling of firearms, and one who purposely draws upon another a gun or pistol does an unlawful act, and is guilty of felonious homicide if death results from the act, unless, indeed, the act of pointing the weapon is justifiable or excusable upon some legal ground. *Lange* v. *State*, 95 Ind. 114."

In *Minton* v. *State* (1964), 244 Ind. 636, 195 N. E. 2d 355, a judgment was affirmed where the appellant had violated Burns' Indiana Statutes, Anno., § 10-4708, *Aiming Weapons*, (1956 Repl.), and death resulted, wherein it was stated:

"It is only necessary that the killing be done in the commission of an unlawful act. . . ."

There seems to be no doubt that involuntary manslaughter is an included offense in murder. In *Barker* v. *State* (1957), 238 Ind. 271, 150 N. E. 2d 680, we held:

". . . Regardless of the questioned soundness of the original reasoning of the above cases in view of the statutes since 1905, the law is now so well settled that we should not upset such well established precedent. The change, if desirable, must come from the legislature." (The Court referred to *Romeo* v. *State* (1930), 203 Ind. 116, 173 N. E. 324 and *Barnett* v. *State* (1885), 100 Ind. 171.) *Barker* v. *State, supra,* also cites with authority, *Fausett* v. *State* (1941), 219 Ind. 500, 39 N. E. 2d 728.

It is argued that a conviction for involuntary manslaughter under an indictment for murder may constitute a variance between pleading and proof. However, it is well established by the case law in Indiana that involuntary manslaughter is an included offense on a charge of murder; and, we repeat in this case the finding in *Barker* v. *State, supra,* that after the long line of judicial precedent in this state we do not here upset these legal precedents.

Appellant urges that there was not sufficient evidence of intent; however, intent is not required for a conviction of involuntary manslaughter. *Minton* v. *State, supra,* in discarding the theory of drunkenness as a defense, states:

". . . there is not sufficient proof of criminal intent of the appellant to sustain the charge of involuntary manslaughter because of the appellant's intoxication. Drunkenness is no defense to the crime of involuntary manslaughter, since specific intent is not embraced with the crime. *Dobbs* v. *State* (1957), 237 Ind. 119, 143 N. E. 2d 99; *Aszman* v. *The State* (1890), 123 Ind. 347, 24 N. E. 123, 8 L.R.A. 33."

We conclude that the evidence was of sufficient probative value to support a conviction of involuntary manslaughter.

There was sufficient evidence of each and every material allegation necessary to constitute the crime of manslaughter and to sustain the verdict of guilty. *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543.

There being no error in the Trial Court overruling appellant's motion for new trial, we affirm.

Jackson, C. J., and Arterburn, Hunter and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 151.