## THELMA ROBINSON v. STATE OF INDIANA.

[No. 1074S220. Filed October 31, 1974.]

*Dennis E. Zahn, Symmes, Fleming, Ober & Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

## ON PETITION TO TRANSFER

ARTERBURN, C.J.—Appellant was tried by a jury on an indictment charging her with second degree murder in the death of her fifteen-month-old son. The jury found her guilty of voluntary manslaughter. The Court sentenced her to imprisonment for not less than two years nor more than twenty-one years. On appeal, the Court of Appeals reversed the trial court for the failure of the trial court to give a tendered instruction to the effect that if motive had not been proved then that lack of proof was a circumstance favoring the defendant. *Robinson v. State* (1974), Ind. App., 309 N.E.2d 833, modified, 311 N.E.2d 461.

The State petitioned for transfer. Rule AP. 11. We grant transfer. Pursuant to Rule AP. 11(B)(3), we consider this appeal as if it had been originally filed herein. Consequently, we will treat each of the issues Appellant properly presented for review.

Appellant believes the evidence was insufficient as a matter of law to prove that she was guilty beyond a reasonable doubt. When the sufficiency of the evidence is raised on appeal, we must recite that an appellate court

does not weigh evidence or judge the credibility of witnesses. This court must consider the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. If, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt of the crime for which he was convicted, then the judgment of the trier of fact will be affirmed. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, and cases cited therein.

The evidence most favorable to the State is that during an outdoor family barbeque Appellant, who had drunk seven beers by this time, took the child inside the house. A few minutes later Appellant's mother went into the house and discovered the child injured lying on the floor and Appellant sitting in a chair crying. The Washington Township Fire Department was called. A fireman testified that as he was preparing to leave the house after having assisted in sending the child to a hospital in an ambulance, he overheard a voice he recognized as Appellant's mother's voice say, "You shouldn't have thrown the baby against the wall. You were beating him too hard." A voice the fireman recognized as Appellant's said: "Shut up."

The child died at the hospital as a result of cranial and cerebral injuries caused by, in the opinion of a pathologist, "a substantial blow." A sheriff's department detective testified that Appellant told him the baby had fallen backward twice while she was teaching him to walk. At trial Appellant testified that she had been playfully tossing the baby into the air, and he slipped through her hands and fell.

We believe, as did the trial court, that this evidence is sufficient to permit a jury to infer that a homicide had been committed.

Appellant contends that it was error to admit the fireman's damaging testimony because the overheard conversation was hearsay. We agree with the Court of Appeals that the fire-

mán's testimony was admissible. While the conversation is clearly hearsay, Appellant's equivocal response ("Shut up") to the accusation renders both the accusation and the response admissible as an adoptive admission. McCORMICK, EVIDENCE § 269 (2d ed. 1972); 4 WIGMORE, EVIDENCE §§ 1069-1075, 2114 (Chadbourn rev. 1972); *Diamond* v. *State* (1924), 195 Ind. 285, 144 N.E. 466. Appellant was entitled to an instruction to the effect that if the jury believed the reply ("Shut up") was a denial, then the statement made to the Appellant could not be considered as evidence of the facts therein stated. However, Appellant failed to offer any such instruction and did not object to the absence of any such instruction among the nineteen instructions given by the trial court on its own motion. Appellant, therefore, can not now complain. *Diamond, supra,* 195 Ind. at 296.

We also agree with the Court of Appeals treatment of Appellant's desire to use the results of a polygraph test. In *Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540, we held that the results of a lie detector test are inadmissible. Consequently, it was not error for the trial court to grant the State's Motion in Limine and order that no reference be made to results of any lie detector test.

Appellant tendered the following instruction:

"If, upon considering all the evidence presented the State has failed to prove motive, and that failure is sufficient to raise reasonable doubt in your minds, you are instructed that it is your duty to find the defendant, not guilty. *Miller* v. *State,* 223 Ind. 50 (1944)."

The trial court refused to give this instruction. We agree with the Court of Appeals that such refusal is not error since motive is not an element of any of the degrees of homicide. Thus, the absence of motive does not require a finding of not guilty. The trial court adequately instructed the jury on reasonable doubt so that this instruction was superfluous.

Appellant also tendered the following instruction:

"If upon careful examination of all the evidence, the State has failed to show any motive on the part of the accused to commit the crime charged against her, then this is a circumstance which you the jury should consider in favor of the accused in making up your verdict. *Porter* v. *State,* 173 Ind. 694."

The trial court refused to give this instruction, but the Court of Appeals thought the instruction necessary. We think that it was not necessary to give the tendered instruction.

The Appellant cites the case of *Porter* v. *State* (1910), 173 Ind. 694, 91 N.E. 340, in support of his contention that the trial court erred in refusing to give the foregoing instruction. *Porter, supra,* was a case in which the defendant was convicted of second degree murder. The trial court had refused to instruct the jury that a lack of evidence as to motive was a circumstance that a jury "ought to consider in making up its mind." The case before us is one in which the conviction was for voluntary manslaughter and the instruction had the added statement that the failure to prove motive should be considered "in favor of the defendant." As we stated previously, motive is not one of those essential elements of a crime which must be proved by the state, although it is a matter that may be considered by the jury along with other circumstances. As a result, the trial court is not obligated to give a motive instruction, particularly one which picks out items of evidence and attempts to tell the jury the weight to be given thereto. Undoubtedly it would be error for the court to instruct the jury that if they find that a motive exists that fact should be considered in favor of the State.

Furthermore, we point out that the instruction before us was mandatory in nature since it instructed the jury that it "should consider" the absence of evidence as to motive. We have said previously that it is better in all cases for the trial judge not to pick out in instructions specific evidence or particular witnesses and comment upon the weight or consideration to be given to such matters. *Gayer* v. *State*

(1965), 247 Ind. 113, 210 N.E.2d 852; *Moore* v. *State* (1926), 198 Ind. 547, 154 N.E. 388. *Porter, supra,* is overruled to the extent that it conflicts with the opinion in this case. For the reasons stated, transfer is granted herein from the Court of Appeals and the judgment and conviction of the trial court is affirmed.

DeBruler, Givan, Hunter, JJ., concur. Prentice, J., concurs in result.

NOTE.—Reported at 317 N.E.2d 850.