WILLIAM O'CONNOR *v.* STATE OF INDIANA.

[No. 180S18. Filed January 24, 1980.]

*Stanley S. Brown*, of Lafayette, for appellant.

*Theodore L. Sendak*, Attorney General, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

GIVAN, C.J.— The appellant William O'Connor was charged with second degree murder and convicted of voluntary manslaugther. The Court of Appeals reversed and remanded the cause for a new trial. In so doing, the Court of Appeals contravened ruling precedent as hereinafter set out. We therefore grant the State's petition to transfer.

O'Connor had been living with the mother of the three-year-old victim. On June 3, 1976, the mother left the child in the appellant's care. He found the victim lying unconscious near a swing set. The child was taken by ambulance to a hospital, where she later died. The pathologist who performed the autopsy testified that the child had received more than one blow to the stomach. The cause of death was suffocation by aspiration of vomitus.

O'Connor claims the trial court erred in admitting the testimony of three witnesses who stated that the appellant had previously struck the child. O'Connor argues that this evidence is irrelevant because the striking could have been normal discipline. The State argues that the strikings were admissible because they show the appellant's intent or motive. The Court of Appeals held that O'Connor did not preserve this issue for appellate review. We agree.

During the trial the appellant's only objection to the admission of this evidence was lack of relevancy. This objection is too general to present any question for appellate review. *Woods v. State*, (1974) 162 Ind. App. 316, 319 N.E.2d 688, citing *Williams v. State*, (1907) 168 Ind. 87, 79 N.E. 1079; *Beaty v. Donaldson*, (1964) 136 Ind. App. 269, 200 N.E.2d 233.

Although evidence of separate and distinct offenses is generally not admissible, such evidence is admissible to show intent, motive, purpose, identification or common scheme or plan. *Alexander v. State*, (1976) 167 Ind. App. 688, 340 N.E.2d 366. In *Martin v. State*, (1978) 267 Ind. 583, 372 N.E.2d 181, this Court held that the admission of evidence of alleged acts of child abuse to show premeditation and malice was proper. We believe the jury, as the trier of fact,

could best determine if these strikings constituted normal discipline or abusive acts tending to show the defendant's intent or motive. Thus, the evidence was properly admitted.

Appellant claims the trial court erred in denying him the opportunity to depose two State's witnesses. On October 12, 1976, the trial court granted the appellant's Motion for Discovery, which included a continuing request for a list of all witnesses and set December 1, 1976, as a deadline for compliance. The State filed its list of possible witnesses on April 21, 1977. The list did not include the names of James Speck or James Morris. On September 12, 1977, the morning of the first day of trial, the State filed a supplemental list of witnesses which included James Speck at an incorrect address. On September 15, 1977, the fourth day of trial, the State filed an additional list of witnesses which included the names of both James Speck and James Morris. Both testified for the State on September 16, 1977. O'Connor requested the opportunity to depose both witnesses as each began their testimony. Although neither the appellant nor the State raised the question of whether appellant waived this error in the trial court by failing to move for a continuance, the Court of Appeals held that the appellant's oral motion to depose sufficiently preserved this issue for appellate review. We disagree.

When the State has violated the trial court's order for discovery we have recognized two remedies. Exclusion is the proper remedy when the State's action is so misleading or demonstrates such bad faith that the only way to avoid a denial of fair trial to the defendant is to exclude the evidence. Absent such circumstances, a continuance is the most appropriate remedy. *Reid v. State*, (1978) 267 Ind. 555, 372 N.E.2d 1149.

Appellant did not request either remedy but requested an opportunity to depose the two witnesses. The information gained through a deposition could have been elicited by direct and cross examination of the witnesses. As stated in the appellant's brief, he not only wanted to learn the content of the testimony but also wanted an opportunity to investigate it. This could only have been accomplished through a continuance.

The supplemental witnesses list naming James Speck was produced four days before he was called by the State to testify. The appellant had ample opportunity to contact and depose Speck during those four days, albeit the State listed an incorrect address.

On September 15, 1977, the State called Sherry Sweet to testify about her sworn statement previously given to Detective James Morris, a Lafayette police officer. In that statement, Mrs. Sweet swore that the defendant had said that he beat the child because she was crying and to "shut her up." The prosecutor and Mrs. Sweet later had a telephone conversation to confirm the truth of the statement. Mrs. Sweet testified that this portion of the conversation was untrue, and that she could not remember giving the statement because she was under the influence of barbituates. This was a significant deviation from her statement.

On the same day the State filed a supplemental list naming Detective Morris, who had been trained in narcotics. On the following day Detective Morris testified as to his observation, that Mrs. Sweet appeared normal and was not, in his opinion, under the influence of drugs.

Listing Detective Morris as a potential witness the day before he testified does not appear to be a blatant violation of the court's discovery order. On the contrary, his testimony was needed to support the evidence that Mrs. Sweet made a statement, although she did not remember doing so, and to give his opinion as to Mrs. Sweet's alleged drug intoxication. "In a criminal prosecution where the testimony of a witness for the State is prejudicial to the prosecution on a proper showing of surprise, the State may show that the witness made statements to the contrary." *Blum v. State*, (1925) 196 Ind. 675, 148 N.E. 193, quoted in *White v. State*, (1967) 249 Ind. 105, 229 N.E.2d 652, 654.

Furthermore, in *Reid v. State, supra*, 372 N.E.2d at 1149, this Court stated:

"[T]he trial judge is usually in the best position to determine what harm, if any, evolved from a violation, whether or not such harm can be eliminated or satisfactorily alleviated and the dictates of fundamental fairness. Absent clear error in his decision it should not be overturned."

Given the facts surrounding the testimony of both witnesses, we do not find error in the trial judge's decision.

Appellant claims the trial court erred in allowing the State to question him and Martha Michael about an alleged threat he made to Mrs. Michael. Appellant allegedly said "If I have to spend twenty (20) years for this, I will get you, and when I do, you won't get up." On the first day of trial the State filed copies of statements made by Martha Michael and Robert Lively regarding the threat. Because the State had the statement in its possession for three months without furnishing the defendant with copies, the court granted defendant's *motion in limine* to prevent any questions or comments about the alleged threat during the trial. An order *in limine* is discretionary and is used by the trial court to prevent prejudicial questions and comments from being presented to the jury until the trial court has ruled upon its admissibility during the trial. *Lagenour v. State,* (1978) 268 Ind. 441, 376 N.E.2d 475; *Burrus v. Silhavy,* (1973) 155 Ind. App. 558, 293 N.E.2d 794. Although the court had entered an *order in limine,* when the appellant elected to testify the trial court allowed the State to question him about the threat over the objection of the defense counsel. The trial court ruled that although any independent proof of the threat was forbidden by the original *order in limine,* the defendant was subject to cross examination on any matter, including the question of the threat that would bear upon his credibility.

This Court has held that when a defendant becomes a witness in his own defense, he subjects himself to cross examination the same as any other witness, concerning any facts that might affect his credibility. *Toops v. State,* (1883) 92 Ind. 13; *Barnett v. State,* (1959) 240 Ind. 129, 161 N.E.2d 444; *Shuemak v. State,* (1970) 254 Ind. 117, 258 N.E.2d 158. The trial court is given wide latitude in ruling on the extent of cross examination of a defendant. That ruling is reviewable only for an abuse of discretion. *Swift v. State,* (1961) 242 Ind. 87, 176 N.E.2d 117; *Shuemak v. State, supra.* We see no abuse of discretion in the trial court's ruling.

Appellant alleges the trial court erred in allowing Martha Michael to testify after the State had allowed her to violate an order to separate witnesses. After she testified, Mrs. Michael asked the State if she could remain in the courtroom. Apparently, the State neither said "yes" or "no" to her request. Appellant argues that

the State realized they would call Mrs. Michael as a rebuttal witness later in the case and that by hearing appellant's testimony she more easily and directly contradicted him. In *McCoy v. State*, (1960) 241 Ind. 104, 119, 170 N.E.2d 43, 50, this Court stated:

> "In the absence of any procurement or connivancy by the party calling such witness who has violated the order of the court, it is well established that it is within the discretion of the court to permit such a witness to testify. *Butler v. State*, 1951, 229 Ind. 421, 97 N.E.2d 492; *Kelley v. State*, 1948, 226 Ind. 148, 78 N.E.2d 547; *Romary v. State*, 1945, 223 Ind. 667, 64 N.E.2d 22."

The trial court's ruling will not be disturbed absent a clear abuse of its discretion. *Buchanan v. State*, (1975) 263 Ind. 360, 332 N.E.2d 213. Although the State should have directed Mrs. Michael to remain outside the courtroom, we hold that the State's failure in this regard did not amount to procurement or connivance. We therefore hold the trial court did not err in allowing Mrs. Michael to testify following her unauthorized stay in the courtroom.

The Court of Appeals held that in a prosecution for second degree murder it was error for the trial court to instruct the jury on voluntary manslaughter, absent any evidence of sudden heat. We disagree. In *Hopkins v. State*, (1975) 163 Ind. App. 276, 286, 323 N.E.2d 232, 239, the Court of Appeals stated:

> "Historically, manslaughter has been treated as a lesser included offense of murder in this State, even after the manslaughter statute was bifurcated in 1969 to distinguish between voluntary and involuntary manslaughter. IC 1971, 35-13-4-2 (Burns Code Ed., Supp. 1974); *Robinson v. State* (1974), Ind. App., 309 N.E.2d 833, *rev'd* on other grounds 262 Ind. 463, 317 N.E.2d 850; *Barker v. State* (1957) 238 Ind. 271, 150 N.E.2d 680; *Mimms v. State* (1967), 249 Ind. 168, 231 N.E.2d 151; *Gatchett v. State* (1973), 261 Ind. 109, 300 N.E.2d 665. The rule has been that if there is evidence which would support a conviction for murder in either degree then the jury has the right to find a defendant guilty of voluntary (or involuntary) manslaughter as a lesser included offense, even in the absence of proof of "sudden heat.""

The trial court must instruct the jury as to all matters of law that are necessary for the consideration of their verdict. *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770; *Sullivan v. State*, (1957) 236 Ind. 446, 139 N.E.2d 893; *Hazlett v. State*, (1951) 229 Ind. 577, 99 N.E.2d 743; *Burris*

*v. State,* (1941) 218 Ind. 601, 34 N.E.2d 928. The defendant is entitled to an instruction covering all necessarily included offenses. *Hash v. State, supra; Sulllivan v. State, supra.*

The Court of Appeals applied the rule that for an instruction on a lesser included offense to be proper, there must be some evidence of probative value from which the jury could find the defendant guilty of such lesser included offense, as set forth in the above-cited cases.

However, the facts in the case at bar are distinguishable from the facts of cases wherein an instruction of an included offense is either improper or unnecessary. In *Hash v. State, supra,* the defendant was charged with robbery and convicted of theft from the person. On appeal he alleged the trial court's refusal to give a tendered instruction on the lesser included offense of theft not from the person (but simple theft) was error. In holding that the trial court did not err, this Court stated:

"This is an altogether different situation than one where the additional element contained in the greater offense is one of a state of mind which may be inferred, or not, from the overt acts. In a case such as first degree murder, for example, although the evidence clearly supports all the requisite elements, the jury may decline to believe that the act was premeditated or with malice and, under such circumstances, find a lesser offense not requiring such elements. Here, we are concerned with an overt act." *Hash v. State,* 284 N.E.2d at 773.

In *Cole v. State,* (1922) 192 Ind. 29, 134 N.E. 867, the appellant was not entitled to instructions on second degree murder or manslaughter because they are not lesser included offenses of felony murder. That crime consists of the overt acts of a killing in the perpetration of a felony and does not require an intent to kill or state of mind, which the jury may decline to believe.

However, in the case at bar an instruction on the lesser included offense was proper because the defendant necessarily had to commit the lesser offense if he was found to have committed the greater. We hold the trial court correctly instructed the jury on voluntary manslaughter.

Appellant claims the evidence was insufficient to support a conviction of voluntary manslaughter. He argues that there is no evidence

of provocation or sudden heat in the record, nor do we find such evidence. However, in *McDonald v. State*, (1976) 264 Ind. 477, 483, 346 N.E.2d 569, 574, this Court stated:

> "[I]f sufficient evidence is presented to the jury by which it could find murder in the first or second degree, the jury may also return a verdict of guilty of voluntary manslaughter, notwithstanding the absence of proof of 'sudden heat.' "

*Landers v. State* (1975) 165 Ind. App. 221, 331 N.E.2d 770.

*Hopkins v. State* (1975) 163 Ind. App. 276, 323 N.E.2d 232.

Because we find substantial evidence of probative value to establish the appellant's guilt of second degree murder, we sustain the verdict.

The State's Petition to Transfer is granted. The opinion of the Court of Appeals is vacated. The judgment of the trial court is affirmed.

Hunter, Pivarnik and Prentice, JJ. concur.

DeBruler, J. concurs in result without opinion.

NOTE—Reported at 399 N.E.2d 364.

J.W. MORRIS *v.* STATE OF INDIANA.